**Randy Ronell LYNCH, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A07–1883.**

Supreme Court of Minnesota.

May 22, 2008.

---

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney's Office, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for State of Minnesota, Respondent.

Randy Ronell Lynch, Bayport, MN, *pro se*.

OPINION

ANDERSON, PAUL H., Justice.

In 1997, the Hennepin County District Court convicted Randy Ronell Lynch of first-degree felony murder. Following his conviction, Lynch directly appealed to our court, arguing that the district court erred when it denied his pretrial motion to dismiss the grand jury's first-degree murder indictment against him. We affirmed his conviction. *State v. Lynch,* 590 N.W.2d 75, 77 (Minn.1999). Lynch subsequently petitioned for postconviction relief, again claiming errors in the grand jury proceedings. The postconviction court denied the petition without holding an evidentiary hearing, and Lynch now appeals. We affirm.

In 1995, appellant Randy Ronell Lynch was indicted for first-degree felony murder, in violation of Minn.Stat. §§ 609.185(3) (1996) and 609.05 (1996), for the murder of Eric Heim.[1] Before trial, Lynch moved to dismiss the indictment on the ground that the State did not reveal to the grand jury that the State's key witnesses received inducements for their testimony. After a hearing, the district court denied Lynch's motion. Lynch petitioned the court of appeals for discretionary review of the district court's pretrial order denying Lynch's motion to dismiss the indictment. The court of appeals denied discretionary review. Lynch then petitioned our court for further review, which we denied.

After a trial on the merits, a Hennepin County jury found Lynch guilty of first-degree felony murder. The district court then convicted him of the offense and sentenced him to life imprisonment. Lynch filed a direct appeal, again arguing that the district court erred when it failed to

dismiss his grand jury indictment because the State did not reveal to the grand jury that its key witnesses had received inducements for their testimony. We affirmed his conviction, concluding that despite errors by the State, there was sufficient probable cause to support the indictment. *State v. Lynch,* 590 N.W.2d 75 (Minn. 1999).

Lynch subsequently filed the current petition for postconviction relief, raising the same argument as he did on direct appeal. The postconviction court concluded that the grand jury indictment issue had been fully and fairly litigated, that Lynch was fully aware of the facts of his case at the time of his direct appeal, and that Lynch failed to raise any novel claims or show why the interests of justice warranted any additional review. Accordingly, the court denied Lynch's petition for postconviction relief, and did so without holding an evidentiary hearing.

When reviewing a postconviction court's denial of relief, we examine issues of law de novo and issues of fact for sufficiency of the evidence. *Leake v. State,* 737 N.W.2d 531, 535 (Minn.2007). A petitioner is entitled to an evidentiary hearing " '[u]nless the petition and the files and records of the proceedings conclusively show that the petitioner is entitled to no relief.' " *Id.* (quoting Minn.Stat. § 590.04, subd. 1 (2006)). Nevertheless, "an evidentiary hearing is unnecessary if the petitioner fails to allege facts that are sufficient to entitle him or her to the relief requested." *Id.* Thus, the petitioner must allege " 'more than argumentative assertions without factual support.' " *Id.* (quoting *Hodgson v. State,* 540 N.W.2d 515, 517 (Minn.1995)).

---

**1.** A detailed account of the facts surrounding the murder can be found in our opinion on

Lynch's direct appeal. *See State v. Lynch,* 590 N.W.2d 75 (Minn.1999).

■ When a petitioner has taken a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). The *Knaffla* rule " 'applies even in postconviction proceedings raising constitutional issues of criminal procedure.' " *Schleicher v. State*, 718 N.W.2d 440, 445 (Minn.2006) (quoting *Ferguson v. State*, 645 N.W.2d 437, 448 (Minn. 2002)). But we will consider a claim otherwise barred by *Knaffla* in two circumstances:

> First, if a claim is known to a defendant at the time of direct appeal but is not raised, it will not be barred by the rule if the claim's novelty was so great that its legal basis was not reasonably available when direct appeal was taken. * * * Second, even if the claim's legal basis was sufficiently available, substantive review may be allowed when fairness so requires and when the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal.

*Leake*, 737 N.W.2d at 535 (internal citations omitted).

■ Lynch claims that his indictment should have been dismissed because the State failed to disclose inducements provided to witnesses who testified to the grand jury. We addressed and decided this precise issue on direct appeal and denied relief. *Lynch*, 590 N.W.2d at 79. Thus, we conclude that the claim is barred by *Knaffla*.

■ Moreover, Lynch's postconviction claim is also barred by the doctrine of "law of the case." This doctrine provides that " 'when a court decides upon a rule of law, that decision should continue to govern the *same issues* in subsequent stages in the *same case*.' " *In re Welfare of M.D.O.*, 462 N.W.2d 370, 375 (Minn.1990) (quoting *Ari-*

*zona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)); *see also State v. Bailey*, 732 N.W.2d 612, 623 (Minn.2007) (applying the law of the case doctrine in a criminal case). Because on direct appeal we explicitly considered, addressed, and made a holding regarding Lynch's current postconviction claim, we conclude that in addition to being barred by *Knaffla*, the claim is barred by the doctrine of "law of the case."

Nevertheless, in his rebuttal brief, Lynch asserts that his postconviction claim differs from his direct appeal claim. Lynch states that on direct appeal, he sought relief "on the grounds that the state failed to disclose inducements of Witnesses to the Grand Jury." Lynch asserts that his current claim is different in that he now claims that the State "violated [his] Federal Right to Due Process under the Fifth and Fourteenth Amendments and a Fair Trial under the Sixth Amendment of the United States Constitution when [the State] knowingly used perjured testimony to obtain [Lynch's] conviction."

Despite Lynch's assertion that his current claim differs from his claim on direct appeal, his petition to the postconviction court indicates otherwise. In his petition, Lynch states that the issue before the court is

> whether a Grand Jury Indictment should be dismissed after the Trial Court found that the prosecutor and police had engaged in misconduct which amounted to intentionally misleading the Grand Jury with regard to material witnesses regarding offers of leniency, deals, and/or negotiations which had been entered into by the State [itself].

Both the direct appeal claim and the postconviction claim involve the same issue of whether the indictment should have been dismissed because of the State's failure to

disclose to the grand jury inducements given to State witnesses. Thus, we conclude that Lynch's argument that his postconviction claim differs from his direct appeal claim lacks merit.[2]

We conclude that Lynch's claim that the indictment should have been dismissed has already been raised, litigated, and decided on direct appeal; therefore, it is barred by *Knaffla* and must be denied. Accordingly, we hold that the postconviction court did not err when it denied Lynch's postconviction petition without granting an evidentiary hearing.

Affirmed.

---

**2.** We have also held that an appellant either knew or should have known at the time of trial of a claim that "the prosecution used perjured testimony to gain [the appellant's] conviction." *Hanley v. State*, 534 N.W.2d 277, 279 (Minn.1995). Thus, even if Lynch's postconviction claim that the State "knowing- ly used perjured testimony to obtain [Lynch's] conviction" somehow differs from his direct appeal claim, his postconviction claim is still barred by *Knaffla* because he either knew or should have known about the claim at the time of his direct appeal and failed to raise it.