**Otha Eric TOWNSEND, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A08–1664.

Supreme Court of Minnesota.

June 18, 2009.

Otha Eric Townsend, pro se, Bayport, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant Ramsey County Attorney, St. Paul, MN, for respondent.

OPINION

MAGNUSON, Chief Justice.

Appellant, Otha Eric Townsend, seeks review of the denial of his petition for postconviction relief. He argues: (1) the 2005 amendment to the Postconviction Relief Act is unconstitutional under the Single Subject and Title Clause of the Minnesota Constitution; (2) that in *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976), we erred in adopting an extra-statutory procedural bar; and (3) that the district court erred in admitting evidence of another crime. We affirm.

Townsend was convicted of first-degree murder for the killing of Candis Koch–Wilson. Townsend filed a direct appeal and argued that evidence of an assault committed on the same night as the killing was erroneously admitted. *State v. Townsend,* 546 N.W.2d 292, 296 (Minn.1996). We concluded that while some of the evidence was admitted erroneously, any error was harmless and affirmed his conviction. *Id.* at 296–97.

We have previously reviewed three appeals by Townsend from denials of requests for postconviction relief. About two years after his direct appeal, Townsend filed his first petition for postconviction relief, alleging various errors in addition to ineffective assistance of appellate counsel. *Townsend v. State,* 582 N.W.2d

225, 228 (Minn.1998). We concluded that all of Townsend's claims were barred by *Knaffla* and affirmed his conviction. *Id.* Approximately 4 years later, Townsend filed his second petition for postconviction relief, arguing that on direct appeal we had incorrectly applied the harmless error test. *Townsend v. State,* 646 N.W.2d 218, 219 (Minn.2002). We analyzed Townsend's claim substantively and again affirmed his conviction. *Id.* Four years later, we affirmed the denial of Townsend's third postconviction petition because all of his claims were barred by *Knaffla*. *Townsend v. State,* 723 N.W.2d 14, 18–20 (Minn.2006).

■ In this postconviction appeal, Townsend argues that the 2005 amendment to Minn.Stat. § 590.01 (2008) is not constitutional. The amendment added the provision that "[a] petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence," as well as a statutory time limit for filing postconviction petitions. Minn.Stat. § 590.01, subd. 1(2), subd. 4; Act of June 2, 2005, ch. 136, art. 14, §§ 12 and 13, 2005 Minn. Laws 901, 1097–98. Specifically, Townsend argues that the amendment violated the Single Subject and Title Clause of the Minnesota Constitution, Article IV, Section 17, which states "No law shall embrace more than one subject, which shall be expressed it its title." We disagree.

■ The Single Subject and Title Clause was adopted out of a concern for the potential dangers of "log-rolling"—the practice of combining various unpopular laws and including them in an unrelated, but more popular, law. *See The Debates and Proceedings of the Minnesota Constitutional Convention* 124, 262–63 (Francis H. Smith, reporter 1857); *Associated Builders & Contractors v. Ventura,* 610 N.W.2d 293, 299 (Minn.2000). The clause

is construed liberally and laws will meet the requirements of the clause so long as all of the provisions within "fall under some one general idea, [are] so connected with or related to each other, either logically or in popular understanding, as to be parts of, or germane to, one general subject." *Johnson v. Harrison,* 47 Minn. 575, 577, 50 N.W. 923, 924 (1891).

Our decision in *Associated Builders* provides valuable guidance here. In that case, we held that a prevailing wage law violated the Single Subject and Title Clause because it was contained in the Omnibus Tax Act. *Associated Builders,* 610 N.W.2d at 304. We noted that prevailing wages are generally discussed in labor committees rather than tax committees, that the prevailing wage provision had not been thoroughly debated, that there were more direct routes to passing the law, and that prevailing wages were not referenced in the title. *Id.* at 302–03. We concluded that because the prevailing wage law was "clearly ... not [the tax act's] purpose," that it violated the Single Subject and Title Clause. *Id.* at 304.

Unlike the law at issue in *Associated Builders,* the amendment here does not violate the Single Subject and Title Clause. The amendment is contained in Minnesota Laws 2005, chapter 136, which is entitled "An act relating to public safety ... [and] imposing criminal and civil penalties." Act of June 2, 2005, ch. 136, 2005 Minn. Laws 901. The postconviction amendment relates to public safety as well as criminal and civil penalties. Additionally, the specific article in which the amendment is contained is entitled "Courts and Public Defender" and includes various provisions relating to court redistricting, court fees, property seizure, and public access to criminal data. *Id.,* art. 14, 2005 Minn. Laws at 1080–1102. We conclude that the postconviction amendment is properly cat-

egorized. Although it is certainly a wide-ranging bill, the various sections "fall under some one general idea." *Johnson*, 47 Minn. at 577, 50 N.W. at 924. Therefore, we reject Townsend's argument and hold that the 2005 amendment to Minn.Stat. § 590.01 does not violate the Single Subject and Title Clause.

Because we conclude that Minn.Stat. § 590.01 has been validly amended to include the *Knaffla* rule, we need not address Townsend's argument that *Knaffla* was incorrectly decided, as it has now been enacted into law and codified in the Minnesota Statutes. Furthermore, we need not consider Townsend's argument that the evidence of his prior assault was erroneously admitted. Townsend's argument is "based on grounds that could have been raised on direct appeal." Minn.Stat. § 590.01. Therefore, we affirm the decision of the postconviction court denying relief.

Affirmed.