**Otha Eric TOWNSEND, petitioner, Appellant,†**

v.

**STATE of Minnesota, Respondent.**

**No. A12–1734.**

Supreme Court of Minnesota.

Aug. 7, 2013.

† Petition for Rehearing denied September 17, 2013.

Otha Eric Townsend, Bayport, MN, pro se.

Lori Swanson, Attorney General, and John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant Ramsey County Attorney, Saint Paul, MN, for respondent.

## OPINION

DIETZEN, Justice.

Appellant Otha Eric Townsend challenges the district court's denial of his motion to correct his sentence under Minn. R.Crim. P. 27.03, subd. 9. Townsend was convicted of first-degree murder in 1994, and we affirmed his conviction on direct appeal in 1996. We subsequently affirmed the denial of his four petitions for postconviction relief. In the current proceeding before the court, Townsend filed a motion to correct his sentence under rule 27.03, subdivision 9, arguing that the overall length of his imprisonment should be reduced. The district court treated the motion as a petition for postconviction relief and denied it on the grounds that it was time barred and procedurally barred. We conclude that Townsend's argument lacks merit and therefore affirm.

In the early morning hours of October 31, 1992, Townsend accompanied Candis Koch–Wilson to the Saint Paul home of her friend L.J. to purchase marijuana. The subsequent events leading to the shooting death of Koch–Wilson and assault of L.J. are set forth in detail in *State v. Townsend (Townsend I)*, 546 N.W.2d 292, 294–95 (Minn.1996). A Ramsey County grand jury indicted Townsend on four felony counts: one count of first-degree murder, Minn.Stat. § 609.185 (2012), and one count of second-degree murder, Minn.Stat. § 609.19 (2012), in the death of Koch–Wilson; and two counts of attempted murder, Minn.Stat. § 609.17 (2012), in the assault of L.J. After pleading not guilty, Townsend moved the district court to sever the trials to prevent bias.

In September 1994, the jury found Townsend guilty of the first-degree mur-

der of Koch–Wilson, and the district court sentenced him to life in prison with the possibility of release. Seven months later, Townsend pleaded guilty to the second-degree attempted murder of L.J. Consistent with the plea agreement, the court sentenced Townsend to an additional 72 months in prison, to run consecutively to his life sentence. The district court also granted Townsend 597 days of jail credit against the 72-month sentence.

Townsend filed a direct appeal of his first-degree murder conviction, arguing that the district court erroneously admitted evidence of the L.J. assault at the murder trial. *Townsend I*, 546 N.W.2d at 296. In April 1996, we affirmed the conviction, concluding that although the district court erred by admitting some of the evidence, the error was harmless beyond a reasonable doubt. *Id.* at 296–97.

Townsend subsequently filed four petitions for postconviction relief, all of which the postconviction court denied and we affirmed on appeal. *See Townsend v. State (Townsend II)*, 582 N.W.2d 225, 227–29 (Minn.1998) (dismissing Townsend's claims of alleged trial errors as procedurally barred and claim of ineffective assistance of appellate counsel as lacking support in the record); *Townsend v. State (Townsend III)*, 646 N.W.2d 218, 224 (Minn.2002) (concluding that the error in admitting evidence of the related attempted murder was harmless because the verdict was surely unattributable to the erroneously admitted evidence); *Townsend v. State (Townsend IV)*, 723 N.W.2d 14, 18–20 (Minn.2006) (dismissing Townsend's claims as procedurally barred); *Townsend v. State (Townsend V)*, 767 N.W.2d 11, 13–14 (Minn.2009) (rejecting Townsend's claim that the 2005 amendments to Minn.Stat. § 590.01 (2012), violated the Single Subject and Title Clause of the Minnesota Constitution).

In May 2012, Townsend filed a pro se motion to correct his sentence under Minn. R.Crim. P. 27.03, subd. 9, arguing that the district court should reduce the overall length of his imprisonment. Specifically, Townsend asserted that the court should: (1) amend his consecutive life and 72-month sentences to run concurrently; and (2) apply 597 days of jail credit to his life sentence rather than his 72-month sentence. The court concluded the motion should be treated as a petition for postconviction relief brought under Minn.Stat. § 590.01, and denied the motion without an evidentiary hearing because it was time barred by Minn.Stat. § 590.01, subd. 4(a)(2), and procedurally barred by *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). This appeal followed.

## I.

Townsend argues that the district court erred by treating his motion to correct his sentence as a petition for postconviction relief and then denying it as both time barred and procedurally barred. We review the district court's denial of a motion to correct a sentence for an abuse of discretion. *See Riley v. State*, 819 N.W.2d 162, 167 (Minn.2012) (articulating the same standard of review for the denial of a petition for postconviction relief). Specifically, we review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard. *Id.*

The relevant procedures for review of a sentence are provided by the Minnesota Rules of Criminal Procedure and Minnesota Statutes. *See* Minn.Stat. ch. 590 (2012); Minn. R.Crim. P. 27.03, subd. 9.[1] Rule 27.03, subdivision 9 states that the district court "may at any time correct a

---

1. The Minnesota Statutes and Minnesota Rules of Criminal Procedure further provide

sentence not authorized by law." Minn. R.Crim. P. 27.03, subd. 9. Section 590.01 provides that "a person convicted of a crime, who claims ... the sentence ... made violated the person's rights under the Constitution or laws of the United States or of [Minnesota]" may "commence a proceeding to secure relief by filing a petition [to] ... correct the sentence." Minn.Stat. § 590.01, subd. 1(1). Generally, the procedure for a motion filed under rule 27.03, subdivision 9 is less formal than the procedure involving a postconviction petition brought under section 590.01. *See* Minn.Stat. § 590.04; *State v. Fields,* 416 N.W.2d 734, 736 (Minn.1987).

We have not yet addressed whether the statutory time bar under section 590.01, subdivision 4(a)(2) or the procedural bar under *Knaffla* apply to a motion to correct a sentence under rule 27.03, subdivision 9. For the reasons that follow, we conclude that it is not necessary to resolve this issue. *See Bonga v. State,* 765 N.W.2d 639, 642–43 (Minn.2009) (noting that section 590.01 "is sufficiently broad to encompass" a rule 27.03, subdivision 9 motion but declining to address whether the district court erred by treating the motion as a postconviction petition). Even if Townsend's motion is not time barred or procedurally barred, his argument that the overall length of his imprisonment should be reduced fails on the merits. Consequently, we turn to the merits of Townsend's argument.

### A.

■ Townsend argues that the overall length of his imprisonment should be re-

duced for two reasons. First, Townsend contends that the district court erred by imposing his 72–month sentence consecutively to his life sentence. According to Townsend, his 72–month consecutive sentence constituted a departure, and the district court therefore erred by failing to articulate sufficient reasons on the record for the departure and by relying on the plea agreement without his further consent to impose the sentence.

We examine the applicable sentencing guidelines and related case law as of the date of the offense to determine the correctness of a sentence. *See* Minn. Sent. Guidelines 3.G1 (2013) (stating that modifications to the sentencing guidelines apply only to "offenders whose date of offense is on or after the specified modification effective date"). On the date of Townsend's offense, the sentencing guidelines provided that "[w]hen departing from the presumptive sentence," the district court "must provide written reasons which specify the substantial and compelling ... circumstances" justifying the departure. Minn. Sent. Guidelines II.D (1992); *accord Williams v. State,* 361 N.W.2d 840, 843 (Minn.1985). Further, the district court could not rely upon a plea agreement as a "substantial and compelling circumstance" for the departure. *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981) (internal quotation marks omitted).[2]

But the sentencing guidelines in effect at the time of the offense provided that the 72–month consecutive sentence imposed by

---

the procedures for direct review of a sentence. *See* Minn.Stat. § 244.11, subds. 1–2 (2012); Minn. R.Crim. P. 28.02, subds. 2–3. But those procedures are not implicated in this case.

**2.** As explained, we apply the law in effect on the date of Townsend's offense to determine

whether his sentence was lawfully imposed. It is true that *Garcia* was later overruled. *See State v. Givens,* 544 N.W.2d 774 (Minn.1996). But when Townsend committed the offenses in this case, *Garcia* was the controlling precedent. So we apply *Garcia* here.

the district court was not a departure. *See* Minn. Sent. Guidelines II.F.2 (1992) (stating that the district court could impose a consecutive sentence without departure "[w]hen the offender is convicted of multiple current felony convictions for crimes against different persons"). Townsend was convicted of two felony offenses against different people: the first-degree murder of Koch–Wilson and the second-degree attempted murder of L.J.

Thus, we conclude that Townsend's 72–month consecutive sentence was the presumptive sentence under the applicable sentencing guidelines. The district court therefore was not required to state its reasons to support the consecutive sentence and properly relied on the plea agreement for the sentence.

### B.

■ Second, Townsend contends that the district court erred by applying 597 days of jail credit to his 72–month sentence. Specifically, Townsend asserts that the court was required to grant jail credit against the first of his two consecutive sentences and that therefore he is entitled to 597 days of jail credit against his life sentence.

Under Minn. R.Crim. P. 27.03, subd. 4(B), a defendant is entitled to a credit from his term of imprisonment for "the number of days spent in custody in connection with the offense or behavioral incident being sentenced." Previously, we have observed that when the district court imposes two sentences consecutively, it should apply jail credit only to the first sentence and not the second sentence. *State v. Patricelli*, 357 N.W.2d 89, 94 (Minn.1984). The sentencing guidelines in effect at the time of the offense provided that the calcu-

lation of jail credit begins on the date of arrest and ends on the date of sentencing. *See* Minn. Sent. Guidelines III.C (1992). Thus, if jail credit is applied to the second consecutive sentence, a defendant may obtain an "unfair double credit" against both sentences. *Patricelli*, 357 N.W.2d at 94.[3]

The crux of this issue turns on whether calculation of the jail credit should apply to the first sentence (the life sentence) or the second sentence (the 72–month sentence). If calculated from the date Townsend was arrested to the date his 72–month sentence was imposed, Townsend would be entitled to 597 days of jail credit. But if calculated to the date his life sentence was imposed, Townsend would be entitled to 352 days of jail credit. Had the district court applied jail credit to his life sentence instead of his 72–month sentence, Townsend would be entitled to 245 fewer days of credit.

We conclude Townsend's contention that he is entitled to 597 days of jail credit against his life sentence lacks merit. Townsend is correct to the extent that existing law required the district court to apply jail credit to his life sentence instead of his 72–month sentence. But if it had done so, Townsend would be entitled to only 352 days of jail credit and not the 597 days he requests. The result of applying jail credit to Townsend's life sentence is to increase, not reduce, the overall length of his imprisonment. Moreover, at the sentencing hearing Townsend's attorney requested that the district court apply the jail credit to the 72–month sentence.

In summary, we conclude that Townsend's argument for a reduction in the overall length of his imprisonment is without merit. Accordingly, we affirm the district court's denial of Townsend's motion to

---

**3.** The sentencing guidelines currently in effect reflect our conclusion in *Patricelli*. *See* Minn. Sent. Guidelines 3.C2b (2013) ("To avoid dou-

ble credit when applying jail credit to consecutive sentences, the court must apply the jail credit to the first sentence only.").

correct his sentence under rule 27.03, subdivision 9.

Affirmed.

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.