STATE OF MINNESOTA

IN SUPREME COURT

A14-1970
A15-0158

Ramsey County                                                                 Gildea, C.J.

Otha Eric Townsend, Petitioner,

          Appellant,

vs.                                                                       Filed:  July 29, 2015
                                                                   Office of Appellate Courts
State of Minnesota,

          Respondent.

_____

Otha Eric Townsend, Bayport, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Laura Rosenthal, Assistant Ramsey County Attorneys, Robert C. Whipps, Certified Student Attorney, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

1.      Because petitioner's postconviction petition is time-barred under Minn. Stat. § 590.01, subd. 4(a) (2014), the postconviction court did not err when it denied the petition without an evidentiary hearing.

2.      Because petitioner raises the same issue that we decided had no merit in his previous motion, brought pursuant to Minn. R. Crim. P. 27.03, subd. 9, the

1

postconviction court did not err when it denied petitioner's motion to correct his sentence.

Affirmed.

Considered and decided by the court without oral argument.

O P I N I O N

GILDEA, Chief Justice.

In these two matters, petitioner Otha Eric Townsend appeals from the postconviction court's denial of his petition for postconviction relief and his second motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9 ("Rule 27.03"). Townsend was convicted of first-degree murder in 1994 and of second-degree attempted murder in 1995. In 2014, the postconviction court denied Townsend's petition for postconviction relief without an evidentiary hearing as time-barred and procedurally barred. The postconviction court also denied Townsend's Rule 27.03 motion, concluding that Townsend had raised the same issue in a previous motion and that this court had determined his motion to be without merit. Because Townsend's postconviction petition is time-barred and Townsend's motion raises the same issue that we decided had no merit in his previous Rule 27.03 motion, we affirm in both matters.

In 1994, Townsend was convicted of first-degree murder for the killing of Candis Koch-Wilson.[1] In 1995, Townsend pleaded guilty to a second-degree attempted murder

---

[1] Our opinion in *State v. Townsend* (*Townsend I*), 546 N.W.2d 292, 294-95 (Minn. 1996), contains a detailed factual description of the murder and the evidence presented at
(Footnote continued on next page.)

charge for the assault of L.J. Three months after his first-degree murder conviction, the state public defender's office filed a notice of appeal of that conviction on Townsend's behalf. Townsend's appointed appellate attorney filed a brief with this court and then sent a copy of the brief to Townsend on May 16, 1995. With the brief, Townsend's attorney sent a letter explaining that the brief had been filed and that the attorney argued the legal issues she believed merited the court's attention. The letter also stated that if Townsend wished to raise any additional issues, he should send a supplemental brief to the public defender's office by June 5, 1995, so that the office could bind the brief and file it by the deadline of June 14, 1995. The letter explained that the court would likely consider any issues that Townsend failed to raise in his supplemental brief to be waived.

Townsend was dissatisfied with the public defender's representation and completed a waiver of appellate counsel form. The public defender's office submitted the form to this court along with Townsend's pro se motion for an extension of time to submit his supplemental brief. Townsend asked the public defender's office to call to confirm that this court had received his waiver of counsel form and to determine when his pro se brief was due. Townsend's former attorney responded by letter dated June 28, 1995, that Townsend should submit his brief immediately along with a motion for acceptance of the late filing.

---

(Footnote continued from previous page.)
trial. We limit our discussion in this opinion to the facts directly relevant to Townsend's petition and Rule 27.03 motion.

Townsend filed his supplemental brief on August 7, 1995. We did not accept his brief, because it was late. We did, however, accept a late reply brief from Townsend. We held that although the district court erred in admitting certain evidence at Townsend's first-degree murder trial, the error was harmless beyond a reasonable doubt, and we affirmed Townsend's first-degree murder conviction. *State v. Townsend* (*Townsend I*), 546 N.W.2d 292, 297 (Minn. 1996).

In 2014, Townsend brought a postconviction petition, his fifth, alleging ineffective assistance of appellate counsel.[2] Specifically, Townsend contends that his appointed

---

[2] Townsend also claimed ineffective assistance of appellate counsel in his first petition for postconviction relief. *Townsend v. State* (*Townsend II*), 582 N.W.2d 225, 226 (Minn. 1998). In that case, we affirmed the postconviction court's denial of Townsend's petition, concluding that Townsend's assertion was only a "general allegation" and did not include sufficient facts to prove his claim. *Id.* at 229. We also reviewed the representation of Townsend's attorney and concluded "[t]here [was] no indication that appellate counsel's assistance fell below an objective level of reasonableness." *Id.*

Townsend then filed a petition for a writ of habeas corpus seeking a new trial and asking for the application of the harmless error standard. *Townsend v. State* (*Townsend III*), 646 N.W.2d 218, 219 (Minn. 2002). The postconviction court treated the petition as a petition for postconviction relief and denied it, concluding that the proper test had been used in this court's ruling on the direct appeal. *Id.* We affirmed, holding that the standard Townsend proposed would not entitle him to relief. *Id.*

In Townsend's third petition for postconviction relief, he again alleged ineffective assistance of appellate counsel. *Townsend v. State* (*Townsend IV*), 723 N.W.2d 14, 17 (Minn. 2006). Townsend also argued for the adoption of several new exceptions to the procedural bar of the postconviction statute. *Id.* We rejected those arguments and concluded that to the extent that "Townsend's current arguments about ineffective assistance of appellate counsel are focused on counsel in the direct appeal . . . [his arguments] are barred because they were known and available at the time of the first post-conviction proceeding." *Id.* at 19.

(Footnote continued on next page.)

appellate counsel abandoned his direct appeal. The postconviction court denied his petition without an evidentiary hearing, concluding that Townsend's petition was both time-barred and procedurally barred. Later in 2014, Townsend filed his second Rule 27.03 motion to correct his sentence. The postconviction court determined that this court had already decided the issue Townsend raised and denied the motion. These appeals followed.

I.

We turn first to Townsend's contention that the postconviction court erred in denying his petition for postconviction relief. Townsend argues that the postconviction court erred in denying the petition without an evidentiary hearing. The State responds that the postconviction court did not err, because Townsend's petition is time-barred under Minn. Stat. § 590.01, subd. 4(a) (2014).

We review the denial of a postconviction evidentiary hearing for an abuse of discretion. *Doppler v. State*, 771 N.W.2d 867, 871 (Minn. 2009). An evidentiary hearing is required "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). Because Townsend's petition is untimely and does not qualify for an exception to the

_____

(Footnote continued from previous page.)
Finally, in 2008, Townsend brought his fourth postconviction petition, arguing that the 2005 amendments to the postconviction statute were not constitutional under the Single Subject and Title Clause of the Minnesota Constitution. *Townsend v. State* (*Townsend V*), 767 N.W.2d 11, 13 (Minn. 2009). We rejected Townsend's argument and concluded that Minn. Stat. § 590.01 (2014) did not violate that provision. *Id.* at 14.

time-bar, we conclude that the postconviction court did not abuse its discretion when it denied Townsend's petition without an evidentiary hearing.

Minnesota Statutes § 590.01, subd. 4(a), provides that "[n]o petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Because Townsend's conviction was final before August 1, 2005, he had until August 1, 2007, to file his petition. *See* Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1098. Townsend sent his petition to the postconviction court on July 28, 2014, and his petition is therefore late.

The postconviction statute contains exceptions to the time-bar but Townsend has not met any of them. *See* Minn. Stat. § 590.01, subd. 4(b) (listing exceptions). Townsend's argument is that he is entitled to relief based on our holding in *State v. Krause*, 817 N.W.2d 136 (Minn. 2012). Specifically, Townsend argues that *Krause* created a new interpretation of state constitutional law that entitles him to an evidentiary hearing. *See* Minn. Stat. § 590.01, subd. 4(b)(3) (listing a new interpretation of state constitutional law that applies retroactively to the petitioner's case as an exception to the time-bar); *see also id.*, subd. 4(b)(5) (listing an exception to the time-bar for a petition that "is not frivolous and is in the interests of justice"). We disagree.

In *Krause*, we held that "*in a forfeiture-of-counsel evidentiary hearing*, the defendant is entitled to appropriate due process protections," including the assistance of counsel. 817 N.W.2d at 146 (emphasis added). Our holding in *Krause* was specific to forfeiture-of-counsel proceedings and does not apply here. *See id.* Because Townsend's

6

only basis for avoiding the time-bar is an inapplicable case, he has not met any of the exceptions to Minn. Stat. § 590.01, subd. 4(a), and his petition is time-barred under the postconviction statute. We therefore hold that the postconviction court did not err in denying Townsend's petition.

## II.

We turn next to Townsend's Rule 27.03 motion to correct his sentence. Under Rule 27.03, the court may "correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. Townsend's motion involves both his life sentence for first-degree murder and his 72-month sentence for the second-degree attempted murder conviction.

The second-degree attempted murder sentence arises from Townsend's guilty plea to that charge on May 2, 1995. Townsend's plea agreement for the attempted murder charge included a sentence of 72 months in prison to be served consecutively to the life sentence for the first-degree murder conviction. The district court determined that Townsend was entitled to 597 days of custody credit against the 72-month attempted murder sentence. At the sentencing hearing, the State objected to the award of custody credit, because Townsend's 72-month sentence was the second of his two consecutive sentences. The court allowed the parties to brief the issue. In his brief, Townsend stated that he was entitled to jail credit against his 72-month sentence. The district court agreed and applied the jail credit to Townsend's attempted-murder sentence.

In 2012, Townsend filed a motion to correct his sentence under Rule 27.03. Townsend argued, in part, that under Minn. R. Crim. P. 27.03, subd. 4(B), the

7

postconviction court should apply the jail credit to his life sentence, rather than his 72-month sentence, because the murder conviction was first in time. The postconviction court denied Townsend's motion, and Townsend appealed to this court.

We affirmed the postconviction court's denial of Townsend's motion, noting that his motion would actually result in the application of less jail credit to his sentence, and would therefore cause an increase in his sentence. *Townsend v. State* (*Townsend VI*), 834 N.W.2d 736, 740 (Minn. 2013). Accordingly, we held that "Townsend's argument for a reduction in the overall length of his imprisonment is without merit." *Id*

In 2014, Townsend brought another Rule 27.03 motion, again arguing that jail credit should be applied to his first sentence under Minn. R. Crim. P. 27.03, subd. 4(B). The postconviction court denied his motion because we had previously rejected Townsend's jail-credit argument. Townsend argues that the postconviction court erred in denying his motion.[3] We review the postconviction court's denial of a motion to correct a sentence for an abuse of discretion. *Townsend VI*, 834 N.W.2d at 738.

Townsend's 2014 motion raises the same issue he raised in the 2012 Rule 27.03 motion—whether he is entitled to have the jail credit applied to his first sentence under Minn. R. Crim. P. 27.03, subd. 4(B). *See Townsend VI*, 834 N.W.2d at 740. Because

---

[3] Townsend filed a motion to strike the State's brief in A15-0158, the Rule 27.03 matter, because the State submitted its brief late. Townsend served the State with his brief by mail on March 13, 2015, and therefore the State's brief was due on April 30, 2015. *See* Minn. R. Crim. P. 29.03, subd. 4(f); *see also* Minn. R. Crim. P. 28.02, subd. 10 (providing 45 days for respondent's brief). The State served its brief on April 30, 2015. Because the State's brief was timely, we deny Townsend's motion to strike the State's brief in the Rule 27.03 matter.

Townsend raises the same issue in this motion as he did in his previous Rule 27.03 motion, and we decided that this issue was meritless, *Townsend VI* forecloses Townsend's argument for a reduction of his sentence. *See Lynch v. State*, 749 N.W.2d 318, 321 (Minn. 2008) (stating that the law of the case doctrine bars issues that have been previously decided in the same case). Accordingly, we hold that the postconviction court did not abuse its discretion when it denied Townsend's motion to correct his sentence.

Affirmed.