*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1257**

Laurie Lea Oliveira, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 14, 2016
Affirmed
Rodenberg, Judge**

Ramsey County District Court
File No. 62-CR-11-916

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Larkin, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

On appeal from the district court's denial of her petition for postconviction relief without an evidentiary hearing, appellant Laurie Lea Oliveira argues that her conviction

of second-degree possession of a controlled substance entered after a stipulated-facts trial should be reversed based on testing deficiencies at the St. Paul Police Department Crime Lab (SPPDCL). Because appellant waived her right to challenge the sufficiency of the state's evidence by submitting the charge to the district court for a stipulated-facts trial, and because her postconviction petition is both time-barred and *Knaffla*-barred, we affirm.

**FACTS**

Appellant was arrested in January 2011 and charged with second-degree possession of a controlled substance after testing by the SPPDCL determined that a white substance found on her person was methamphetamine weighing 12.08 grams.[1] Appellant moved to suppress evidence of the substance seized, arguing that police did not have reasonable, articulable suspicion to frisk her, and the frisk exceeded the scope of a legal weapons frisk under *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968). After the district court denied appellant's motion, appellant agreed to a stipulated-facts procedure under Minn. R. Civ. P. 26.01, subd. 4, waiving her jury-trial rights to obtain review of the pretrial ruling. The district court convicted appellant of the second-degree possession charge.

In January 2012, appellant filed her direct appeal. While that appeal was pending, the SPPDCL came under public scrutiny and was the subject of a *Frye-Mack* hearing in an unrelated Dakota County District Court case in July 2012. *See Roberts v. State,* 856

---

[1] The facts of this case are set forth in our earlier opinion, and we do not recite them again here. *See State v. Oliveira*, No. A12-0151, 2012 WL 6652589 (Minn. App. Dec. 24, 2012), *review denied* (Minn. Mar. 19, 2013) (*Oliveira I*).

2

N.W.2d 287, 289 (Minn. App. 2014) (discussing the discovery of systemic problems and subsequent audits of the SPPDCL), *review denied* (Minn. Jan. 28, 2015). Despite the problems concerning SPPDCL irregularities being widely publicized, appellant did not request a stay of the appeal proceedings in order to develop a postconviction record concerning possible testing issues. On December 24, 2012, we affirmed appellant's conviction. *Oliveira I*, 2012 WL 6652589, at *4. The Minnesota Supreme Court denied review on March 19, 2013. *Oliveira I*, No. A12-0151 (Minn. Mar. 19, 2013) (order op.).

On April 2, 2015, appellant filed a petition for postconviction relief, arguing that evidence of "massive reliability failures" at the SPPDCL requires a new trial. The postconviction court denied appellant's petition without conducting an evidentiary hearing because it determined that the allegations in the petition were waived and the petition itself was barred. This appeal followed.

## D E C I S I O N

A person convicted of a crime who claims that her conviction or sentence violated her constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2014). The petitioner has the burden to prove the facts alleged in her petition by a fair preponderance of the evidence. Minn. Stat. § 590.04, subd. 3 (2014). "To meet that burden, a petitioner's allegations must be supported by more than mere argumentative assertions that lack factual support." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). A petition for postconviction relief may be denied without an evidentiary hearing if the files and records conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014).

3

We review a district court's denial of postconviction relief for abuse of discretion. *Gulbertson v. State*, 843 N.W.2d 240, 244 (Minn. 2014). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation omitted). In reviewing a postconviction court's decision to deny relief, issues of law are reviewed de novo and issues of fact are reviewed for sufficiency of the evidence. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007).

## I.    Appellant's postconviction petition is procedurally barred.

The district court concluded that appellant's claim was barred by *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), because "the issues regarding the [SPPDCL] were known at the time of her direct appeal, and [appellant] failed to request a stay of her appeal in order to pursue post-conviction claims based upon those issues . . . ." When a petition for postconviction relief follows a direct appeal of a conviction, all claims that were raised in the direct appeal are procedurally barred and may not be considered. *Buckingham v. State*, 799 N.W.2d 229, 231 (Minn. 2011) (citing *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741); *see* Minn. Stat. § 590.01, subd. 1 (2014) ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence."). This bar also applies to all claims that should have been known on direct appeal. *King v. State*, 649 N.W.2d 149, 156 (Minn. 2002). We review a district court's determination that a postconviction claim is barred by the *Knaffla* rule for abuse of discretion. *See Hooper v. State*, 838 N.W.2d 775, 789 (Minn. 2013) (concluding that district court did

4

not abuse its discretion by deciding that petitioner's postconviction claim was barred by the *Knaffla* rule).

Here, appellant's postconviction claim is procedurally barred because she was aware of the problems but did not request a stay of her direct appeal to investigate a potential claim concerning the SPPDCL testing issues. *See Townsend v. State*, 767 N.W.2d 11, 12-13 (Minn. 2009) (holding that the *Knaffla* bar applied to ineffective-assistance-of-counsel claims that were known at the time of the direct appeal); *Ferguson v. State*, 645 N.W.2d 437, 442 (Minn. 2002) (noting that Ferguson had requested a stay of his appeal to conduct further investigation into false-testimony claims). Appellant chose to focus her appeal on the suppression issue. Additionally, because appellant's brief fails to acknowledge that her claims are procedurally barred, she does not argue that any exceptions would apply to overcome the bar.[2]

## II. Appellant waived any challenge to the admissibility of the state's evidence by submitting the case for resolution under Minn. R. Crim. P. 26.01, subd. 4.

Aside from being procedurally barred, appellant waived any claim concerning the admissibility and reliability of the lab test results. It is undisputed that appellant "stipulate[d] to the prosecution's evidence in a trial to the court" under Minn. R. Crim. P. 26.01, subd. 4, to obtain appellate review of the district court's pretrial evidentiary ruling. In so doing, appellant waived her right to challenge the state's evidence. Minn. R. Crim. P. 26.01, subd. 4(f) (providing that "[t]he defendant must also acknowledge that

---

[2] We note that appellant's brief also argues that the issue on appeal concerns plea withdrawal. But appellant did not plead guilty. She stipulated to the state's evidence under Minn. R. Crim. P. 26.01, subd. 4, a procedure specifically requiring that she "maintain the plea of not guilty."

appellate review will be of the pretrial issue, but not of the defendant's guilt, *or of other issues that could arise at a contested trial*") (emphasis added). If appellant had doubts as to the authenticity of the controlled-substance, which seems exceedingly unlikely on this record, she could have exercised her right to further discovery, her ordinary trial rights, and her ordinary remedies to challenge the admissibility of evidence. Appellant's clear strategy was to focus her argument on the claimed illegality of the search and not to argue that the substance found during the search was not methamphetamine. This strategy was objectively reasonable given the circumstances. And in any event, "[t]he extent of counsel's investigation is considered a part of trial strategy," which we generally do not review. *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004).

By entering into an agreement under Minn. R. Crim. P. 26.01, subd. 4, appellant waived objections to the admissibility of the SPPDCL lab results.

### III. Appellant's postconviction petition is also time-barred.

A petition for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a). Here, appellant directly appealed from her conviction and sentence, and we affirmed her conviction on December 24, 2012. *Oliveira I*, 2012 WL 6652589, at *4. Appellant's conviction became final on March 19, 2013, when the Minnesota Supreme Court denied her petition for further review. *Oliveira I*, No. A12-0151 (Minn. Mar. 19, 2013) (order op.). Appellant did not file her postconviction petition until April 2, 2015,

6

two weeks after the statutory time limit had expired. Therefore, her postconviction petition is untimely under Minn. Stat. § 590.01, subd. 4(a)(2).

A district court may consider an otherwise untimely petition, however, if the petition satisfies one of several statutory exceptions. *Id.*, subd. 4(b) (listing five exceptions). If an exception applies, the petition must be filed within two years of the date the claim arises. *Id.*, subd. 4(c). A claim arises when the petitioner "knew or should have known that the claim existed." *Sanchez v. State*, 816 N.W.2d 550, 552 (Minn. 2012).

Here, appellant knew or should have known that her claim concerning testing irregularities at the SPPDCL existed no later than July 2012, when the testing issues came to light during the *Jensen* evidentiary hearings and were publicly acknowledged by the office that prosecuted her case. *State v. Jensen*, No. 19HA-CR-09-3463 (Minn. Dist. Ct. July 16, 2012). However, appellant did not file her postconviction petition until April 2, 2015, almost three years after the claim arose. Therefore, regardless of whether an exception applies, appellant's claim is untimely because she failed to raise the claim within two years of the date it arose. Minn. Stat. § 590.01, subd. 4(c).

Because appellant's claim is time-barred, we do not address the section 590.01, subdivision 4(b), issue she raises in her brief. *See Colbert v. State*, 811 N.W.2d 103, 105 n.2 (Minn. 2012) ("Because we hold that review of [appellant's] petition is barred by subdivision 4(c), we do not decide the merits of [appellant's] argument that his petition is 'not frivolous and in the interests of justice.'").

**IV.     The district court's denial of appellant's request for an evidentiary hearing was appropriate.**

Finally, appellant argues that the postconviction court erred when it denied her request for an evidentiary hearing. A postconviction court's decision on whether to hold an evidentiary hearing is reviewed for abuse of discretion. *Riley*, 819 N.W.2d at 167. A postconviction petitioner is not entitled to an evidentiary hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1. An evidentiary hearing is required only if "there are material facts in dispute that must be resolved to determine the postconviction claim on its merits." *Powers*, 695 N.W.2d at 374.

The record here conclusively shows that appellant is not entitled to relief for the reasons discussed above, none of which require resolution of any disputed fact issues. Therefore, appellant has not shown that the postconviction court abused its discretion by denying her request for an evidentiary hearing. *Id.*

**Affirmed.**