STATE OF MINNESOTA

IN SUPREME COURT

A23-1100

Ramsey County                                                                                          Thissen, J.

Otha Eric Townsend,

                    Appellant,

vs.                                                                                        Filed:  February 21, 2024
                                                                                          Office of Appellate Courts
State of Minnesota,

                    Respondent.

_____

Otha Eric Townsend, Lino Lakes, Minnesota, pro se.

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Alexandra Meyer, Assistant County Attorney, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

The law of the case doctrine bars petitioner's motion to correct a sentence under Minnesota Rule of Criminal Procedure 27.03.

Affirmed.

1

O P I N I O N

THISSEN, Justice.

Otha Eric Townsend appeals the denial of his third motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03. Townsend was charged with first-degree murder and attempted second-degree murder. The district court severed the trial on the first-degree murder charge from the attempted second-degree murder charge. Townsend was first convicted of first-degree murder and immediately sentenced to life in prison with the possibility of release after 30 years. Several months later, Townsend pleaded guilty to attempted second-degree murder and was sentenced to serve 72-months in prison consecutive to his life sentence for first-degree murder. Custody credit was applied against the 72-month sentence. Townsend asserts that custody credit should be applied to the first of two consecutive sentences that were imposed following his convictions for first-degree murder and attempted second-degree murder. The law of the case doctrine precludes us from granting Townsend the relief he requests.

**FACTS**

On October 31, 1992, Townsend killed C. K.-W. and attempted to kill L.J. Townsend was arrested in Texas in the fall of 1993 and returned to Minnesota to face trial. The two crimes were tried separately.

On September 29, 1994, Townsend was convicted of first-degree murder in the death of C. K.-W. and sentenced to life in prison with the possibility of parole. Minnesota Statutes require that a minimum of 30 years of a life sentence be served before an offender is eligible for parole. Minn. Stat. § 244.05, subd. 4(b) (2022). On May 2, 1995, Townsend

2

pleaded guilty to attempted second-degree murder of L.J. On June 1, 1995, the district court imposed a sentence of 72 months in prison for that crime to be served consecutive to his life sentence for the murder of C. K.-W. The district court applied 597 days of custody credit to the 72-month sentence for attempted murder.[1]

In 2012, Townsend filed a motion to correct his sentence under Minn. R. Crim. P. 27.03. Townsend asked the court to "(1) amend his consecutive life and 72-month sentences to run concurrently[ ] and (2) apply 597 days of jail credit to his life sentence rather than his 72-month sentence." *Townsend v. State*, 834 N.W.2d 736, 738 (Minn. 2013) (*Townsend VI*).[2] The district court denied the motion and Townsend appealed. *Id.*

On appeal, we affirmed. *Id.* at 741. First, we determined that there was no error in imposing the 72-month sentence consecutively to the life sentence because at the time of sentencing, the Minnesota Sentencing Guidelines allowed a district court to impose a consecutive sentence without departure if the defendant was convicted of multiple felony convictions for offenses against different people. *Id.* at 739–40; *see also* Minn. Sent. Guidelines II.F.2 (1992).[3]

---

[1]    597 days is the period between the time that Townsend was first held in custody for the murder of C. K.-W. and the attempted murder of L.J. and June 1, 1995, when Townsend was sentenced on the attempted second-degree murder conviction.

[2]    Before filing his 2012 motion to correct his sentence, Townsend filed a direct appeal and several post-conviction petitions challenging his conviction, none of which are relevant to our decision in this appeal.

[3]    The rules for imposing consecutive sentences under the Sentencing Guidelines have evolved since 1992. We based our decision on the 1992 Sentencing Guidelines and express no opinion on how we would resolve the question of consecutive sentences under any other version of the Sentencing Guidelines.

Second, we determined that Townsend's request to apply the 597 days of jail credit to his life sentence rather than his 72-month sentence was without merit. *Townsend VI*, 834 N.W.2d at 740. We acknowledged that Rule 27.03, subd. 4(B), requires custody credit to be calculated against a sentence by " 'the number of days spent in custody in connection with the offense or behavioral incident being sentenced.' " *Id.* (quoting Rule 27.03, subd. 4(B)); *see also* Minn. Sent. Guidelines III.C (1992); *State v. Patricelli*, 357 N.W.2d 89, 94 (Minn. 1984). We observed that jail credit should be applied against only the first sentence of two consecutive sentences because if full jail credit is applied to both sentences, a defendant may obtain " 'unfair double credit.' " *Townsend VI*, 834 N.W.2d at 740 (quoting *Patricelli*, 357 N.W.2d at 94). Thus, we decided it was technically correct that "existing law required the district court to apply jail credit to his life sentence instead of his 72-month sentence." *Id.*

We held, however, that the district court's decision to apply 597 days of custody credit to the second imposed sentence for attempted murder was not improper:

> We conclude Townsend's contention that he is entitled to 597 days of jail credit against his life sentence lacks merit. Townsend is correct to the extent that existing law required the district court to apply jail credit to his life sentence instead of his 72-month sentence. But if it had done so, Townsend would be entitled to only 352 days of jail credit and not the 597 days he requests. The result of applying jail credit to Townsend's life sentence is to increase, not reduce, the overall length of his imprisonment. Moreover, at the sentencing hearing Townsend's attorney requested that the district court apply the jail credit to the 72-month sentence.

*Id.*

In 2014, Townsend filed another postconviction petition, alleging ineffective assistance of appellate counsel and another Rule 27.03 motion to correct his sentence.

4

*Townsend v. State*, 867 N.W.2d 497, 499 (Minn. 2015) (*Townsend VII*). In his Rule 27.03 motion, Townsend once again argued that this court must apply 597 days of jail credit to his first sentence for the murder conviction rather than his second sentence for the attempted murder conviction. *Id.* at 501. The district court denied the petition and the motion. *Id.* Townsend appealed. *Id.* We affirmed the denial of the postconviction petition as time-barred. *Id.* at 500. On the Rule 27.03 motion, we held that the argument was barred by the law of the case.[4]

> Townsend's 2014 motion raises the same issue he raised in the 2012 Rule 27.03 motion—whether he is entitled to have the jail credit applied to his first sentence under Minn. R. Crim. P. 27.03, subd. 4(B). *See Townsend VI*, 834 N.W.2d at 740. Because Townsend raises the same issue in this motion as he did in his previous Rule 27.03 motion, and we decided that this issue was meritless, *Townsend VI* forecloses Townsend's argument for a reduction of his sentence. *See Lynch v. State*, 749 N.W.2d 318, 321 (Minn. 2008) (stating that the law of the case doctrine bars issues that have been previously decided in the same case).

*Id.* at 501.

On March 21, 2023, Townsend filed the current motion to correct his sentence arguing that 373 days of custody credit should be applied to his life sentence. The district court denied Townsend's motion, concluding that the law of the case doctrine bars Townsend's motion because his appeals to apply jail credit to his life-sentence conviction have been repeatedly denied:

---

[4] In *Reynolds v. State*, we held that the time limitation in Minn. Stat. § 590.01, subd. 4 (2014), did not apply to Rule 27.03. 888 N.W.2d 125, 133–34 (Minn. 2016). Thus, we correctly evaluated the postconviction petition claiming ineffective assistance of counsel and the sentence correction issues separately in *Townsend VII*.

> This issue has already been decided on appeal. The denial of Townsend's 2012 motion was affirmed in *Townsend VI*, 834 N.W.2d at 740. The denial of Townsend's 2014 motion was affirmed in 2015. *Townsend VII*, 867 N.W.2d 497, 501 (Minn. 2015). These decisions "foreclose Townsend's argument for a reduction of his sentence." *Id.* (citing *Lynch v. State*, 749 N.W.2d 318, 321 (Minn. 2008) (law of the case doctrine bars issues previously decided in the same case)). Accordingly, Townsend's motion is denied.

Townsend appealed.

## ANALYSIS

We have already decided that Townsend is not entitled to custody credit on his first sentence of life imprisonment. The law of the case doctrine is clear: " 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " *In re Welfare of M.D.O.*, 462 N.W.2d 370, 375 (Minn. 1990) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

In *Townsend VI*, we held that, under the circumstances of this case, the district court properly applied custody credit to Townsend's sentence for attempted second-degree murder. 834 N.W.2d at 740. In *Townsend VII*, we held that the law of the case prohibited us from granting Townsend's second request that custody credit be applied to his first-degree murder conviction. 867 N.W.2d at 501; *see also Smith v. State*, 974 N.W.2d 576, 581–82 (Minn. 2022) (citing *Townsend VII* in denying a second challenge to the legality of a sentence).

Townsend's current Rule 27.03 motion is slightly different than his prior motions. In his prior motions to correct his sentence, he asked that 597 days of custody credit—the time elapsed between when he was first held in custody on the first-degree murder and

6

attempted second-degree murder charges and when he was sentenced for attempted second-degree murder—be applied to his life sentence for first-degree murder. In the current motion to correct his sentence, Townsend requests 373 days of custody credit—the time Townsend alleges elapsed between when he was first held in custody on the first-degree murder and attempted second-degree murder charges and when he began his prison sentence following his September 29, 1994, conviction for first-degree murder—be applied to his life sentence for first-degree murder. That distinction does not result in a different outcome for law of the case purposes. In *Townsend VI*, we determined not only that Townsend was not entitled to 597 days of custody credit on his first-degree murder sentence, but we also determined that we would not reverse the district court's decision to apply the custody credit to the sentence for attempted second-degree murder. *Townsend VI*, 834 N.W.2d at 740. As we stated in *Townsend VII*, the issue we decided in *Townsend VI* was "whether [Townsend] *is entitled to have the jail credit applied to his first sentence* under Minn. R. Crim. P. 27.03, subd. 4(B)." *Townsend VII*, 867 N.W.2d at 501 (emphasis added).

*Lynch v. State*, 749 N.W.2d 318 (Minn. 2008), confirms that the law of the case doctrine bars relitigating an issue resolved earlier in the same case, even if the issue presented is not precisely the same in all its details. Lynch argued in district court that his indictment should be dismissed on the ground that the State did not reveal to the grand jury that the State's key witnesses received inducements for their testimony. *Lynch*, 749 N.W.2d at 320. The district court denied Lynch's motion. *Id.* On direct appeal, Lynch sought reversal of his conviction, asserting that the district court erred when it did not

7

dismiss the indictment. *Id.* We affirmed his conviction, concluding there was sufficient probable cause to support the indictment notwithstanding the failure of the State to disclose the witness inducements. *Id.* Lynch subsequently brought a postconviction petition claiming that the State "violated [his] Federal Right to Due Process under the Fifth and Fourteenth Amendments and a Fair Trial under the Sixth Amendment of the United States Constitution when [the State] knowingly used perjured testimony to obtain [Lynch's] conviction." *Id.* at 321 (internal quotation marks omitted).

We observed that Lynch was arguing that his rights to due process were violated because "the prosecutor and police had engaged in misconduct which amounted to intentionally misleading the Grand Jury with regard to material witnesses regarding offers of leniency, deals, and/or negotiations which had been entered into by the State." *Id.* We further reasoned:

> Both the direct appeal claim and the postconviction claim involve the same issue of whether the indictment should have been dismissed because of the State's failure to disclose to the grand jury inducements given to State witnesses. Thus, we conclude that Lynch's argument that his postconviction claim differs from his direct appeal claim lacks merit.

*Id.* at 321–22. Accordingly, we held that the law of the case doctrine precluded Lynch's argument. *Id.*

Similarly, Townsend's claim in *Townsend VI* and his claim in his current motion to correct his sentence is that we should apply custody credit to his life sentence for first-degree murder rather than to his sentence for attempted second-degree murder. We have previously refused under the circumstances of this case to reverse the district court's decision to apply the custody credit to the sentence for attempted second-degree murder.

8

We hold that, under the law of the case doctrine, Townsend cannot now claim that custody credit should be applied to his first-degree murder conviction.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

Affirmed.