STATE OF MINNESOTA

IN SUPREME COURT

A14-1767

Hennepin County                                                          Wright, J.

Jerome Deon Nunn, petitioner,

                        Appellant,

vs.                                                           Filed: August 5, 2015
                                                        Office of Appellate Courts
State of Minnesota,

                        Respondent.

_____

Jerome Deon Nunn, Bayport, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County
Attorney, Minneapolis, Minnesota, for respondent.

_____

S Y L L A B U S

The postconviction court did not abuse its discretion by denying appellant's

motion to correct his sentence.

Affirmed.

Considered and decided by the court without oral argument.

OPINION

WRIGHT, Justice.

In December 1995, a jury found petitioner Jerome Deon Nunn guilty of first-degree premeditated murder, Minn. Stat. § 609.185(1) (2014), and attempted first-degree premeditated murder, Minn. Stat. §§ 609.17, 609.185(1) (2014). After entering a judgment of conviction for each offense, the district court imposed a sentence of life imprisonment with the possibility of release for the first-degree murder offense and a consecutive sentence of 180 months' imprisonment for the attempted first-degree murder offense. Nunn appealed his convictions in 1996, challenging the district court's admission of certain evidence. We affirmed Nunn's convictions. *State v. Nunn*, 561 N.W.2d 902, 909 (Minn. 1997). Nunn petitioned for postconviction relief in July 2007, arguing that he received ineffective assistance of counsel and that the prosecutor committed prejudicial misconduct. The postconviction court denied Nunn's petition, and we affirmed. *Nunn v. State*, 753 N.W.2d 657, 664 (Minn. 2008).

In 2014, Nunn moved to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, arguing that the consecutive sentence imposed for his conviction of attempted first-degree murder is not authorized by Minn. Sent. Guidelines II.F (1995). Nunn also argued that his sentence violates his right to equal protection under the Fourteenth Amendment to the United States Constitution. In support of his equal protection claim, Nunn, who is African American, argued that his sentence is more severe than the sentences of other similarly situated offenders who are not African American.

The postconviction court denied Nunn's motion, concluding that Nunn received a lawful sentence under Minn. Sent. Guidelines II.F. The postconviction court also determined that, because Nunn failed to produce any evidence of purposeful discrimination in support of his equal protection claim, he was not entitled to relief on that ground. Nunn appeals the denial of his motion to correct his sentence.[1]

I.

We review a postconviction court's decision to deny a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, for an abuse of discretion. *Townsend v. State*, 834 N.W.2d 736, 738 (Minn. 2013). A postconviction court abuses its discretion when its decision is based on an erroneous application of the law or is against logic and the facts in the record. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). Nunn contends that the postconviction court abused its discretion when it denied his motion to correct his sentence because each of his claims provides an independent ground for relief.

---

[1] Nunn also argues for the first time on appeal that the multiple-victim exception to Minn. Stat. § 609.035 (2014) violates both the doctrine of separation of powers, *see League of Women Voters Minn. v. Ritchie*, 819 N.W.2d 636, 646 (Minn. 2012), and the prohibition against double jeopardy, *see State v. McKenzie*, 542 N.W.2d 616, 618 (Minn. 1996). Anticipating the State's argument that he failed to challenge the multiple-victims exception in his postconviction motion, Nunn cites excerpts from the postconviction hearing transcript and asserts that these grounds for relief are properly before us. For example, Nunn cites defense counsel's statement that "the sentence needs to be overturned due to the fact that it is not authorized by law." However, this argument by Nunn's counsel relates to the two grounds for Nunn's postconviction challenge that were expressly raised and that we consider here. Having carefully reviewed the record, we conclude that Nunn did not raise his separation-of-powers and double-jeopardy arguments before the postconviction court. Consequently, they are not properly before us. *See Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) (holding that an argument raised for the first time on appeal of a denial of a postconviction petition was not properly before us); *Robinson v. State*, 567 N.W.2d 491, 495 (Minn. 1997) (same).

First, he claims that his sentence is not authorized by Minn. Sent. Guidelines II.F. Second, he argues that his sentence violates his right to equal protection under the Fourteenth Amendment to the United States Constitution. We consider each argument in turn.

A.

Nunn contends that the consecutive sentence imposed by the district court for his attempted first-degree premeditated murder conviction is not authorized by Minn. Sent. Guidelines II.F (1995). Section II.F.2 of the 1995 Minnesota Sentencing Guidelines permits a district court to impose a consecutive sentence "[w]hen the offender is convicted of multiple current felony convictions for crimes against different persons, and when the sentence for the most severe current conviction is executed according to the guidelines." The most severe current conviction in Nunn's case was first-degree premeditated murder, which is "excluded from the guidelines by law" and has "a mandatory life sentence." Minn. Sent. Guidelines IV (1994). Nunn argues that his most severe conviction could not be "executed according to the guidelines" because the offense of first-degree premediated murder is expressly excluded from the sentencing guidelines. Therefore, he argues, section II.F does not authorize the imposition of a consecutive sentence in his case.

Nunn's argument fails for two reasons. First, in *Townsend*, we conclusively answered the question of whether the imposition of a life sentence for a first-degree murder conviction satisfies the requirement in section II.F.2 that the most severe current conviction be executed according to the guidelines. 834 N.W.2d at 739-40. In

4

*Townsend*, the defendant was sentenced to life imprisonment with the possibility of release for a first-degree murder conviction and to an additional consecutive sentence of 72 months imprisonment for an attempted murder conviction relating to a second victim. *Id.* at 737-38. On appeal from the denial of postconviction relief, Townsend argued that the imposition of a consecutive sentence was a departure from the sentencing guidelines. *Id.* at 739. Citing Minn. Sent. Guidelines II.F.2 (1992), we concluded that the consecutive sentence imposed for the attempted murder conviction was not a departure. *Id.* at 739-40.

Like Townsend, Nunn was sentenced to life imprisonment with the possibility of release. Also like Townsend, Nunn received a consecutive sentence for the attempted murder of a second victim. The language of the sentencing guidelines that authorizes consecutive sentences when a defendant commits felony offenses against multiple victims is the same in the 1992 sentencing guidelines (which applied to Townsend) and the 1995 sentencing guidelines (which apply to Nunn). Therefore, as in *Townsend*, the consecutive sentence at issue here is authorized by Minn. Sent. Guidelines II.F.2.

Second, we have interpreted the phrase "executed according to the guidelines" in section II.F.2 simply to require that the sentence for the most severe current conviction "be executed and not stayed." *State v. Lindsey*, 314 N.W.2d 823, 825 (Minn. 1982). Moreover, when used in this context, "according to" means "[i]n keeping with." *The American Heritage Dictionary of the English Language* 11 (5th ed. 2011); *see also Webster's Third New International Dictionary* 12 (1976) (including "consistently with" among definitions of "according to"). Because the sentence Nunn received for his first-

5

degree premediated murder conviction was executed and imposed in keeping with the Minnesota Sentencing Guidelines, the district court was permitted to impose a consecutive sentence for Nunn's attempted first-degree premeditated murder conviction. Therefore, Nunn's argument that his consecutive sentence is an unauthorized sentence fails. The postconviction court did not abuse its discretion by denying Nunn's motion to correct his sentence.

B.

Nunn next argues that the postconviction court erred by rejecting the argument that his sentence violates his right to equal protection under the Fourteenth Amendment to the United States Constitution. Nunn claims that he was sentenced more harshly than other similarly situated persons convicted of the same or similar offenses who were not African American.

Proof of discriminatory purpose is required when a defendant challenges a sentence under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). In *McCleskey*, the United States Supreme Court concluded that a statistical study showing racial disparity among defendants in Georgia who were sentenced to death was not sufficient to establish a violation of the petitioner's right to equal protection. *Id.* at 293-97. Rather, using case-specific evidence, a petitioner must prove that the decision-maker acted with a discriminatory purpose when imposing the death penalty. *Id.* The only evidence that Nunn has provided in support of his equal protection claim is general statistical data showing racial disparities in sentencing both nationally and in Minnesota. As in

6

*McCleskey*, this type of evidence is insufficient to support Nunn's equal protection claim under the Fourteenth Amendment to the United States Constitution. *See id.* Because Nunn has failed to provide *any* evidence that the sentencing court acted with discriminatory purpose, his equal protection claim fails. The postconviction court did not abuse its discretion when it denied relief on this ground.

## II.

To summarize, the postconviction court's denial of Nunn's motion to correct his sentence was not based on an erroneous application of the law, nor was it against logic or the facts in the record. The postconviction court's ruling is consistent with our decision in *Townsend*, 834 N.W.2d at 739-40, and the United States Supreme Court's decision in *McCleskey*, 481 U.S. at 293-97. Because the postconviction court did not abuse its discretion by denying Nunn's motion to correct his sentence, we affirm.

Affirmed.