*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1314**

Thomas Ardell Gentry, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 9, 2016
Affirmed
Schellhas, Judge**

St. Louis County District Court
File No. 69DU-CR-13-545

Thomas Ardell Gentry, Red Wing, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Gary W. Bjorklund, Assistant County Attorney, Duluth, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Worke, Judge; and Schellhas, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges the denial of his postconviction petition in which he asserted claims of prosecutorial misconduct and ineffective assistance of trial counsel. We affirm.

**FACTS**

Appellant Thomas Ardell Gentry was present in J.H.'s apartment when law enforcement executed a warrant to search the apartment and discovered numerous packages of cocaine. Respondent State of Minnesota charged Gentry with second-degree controlled-substance crime (sale), and a jury found Gentry guilty. Gentry challenged his conviction on direct appeal on the grounds of insufficient evidence and prosecutorial misconduct. He argued in part that the prosecutor committed plain error that affected his substantial rights by stating during closing argument: "[J.H.] is not the type of person who is going to be selling thousands and thousands of dollars of crack cocaine from his apartment. It's consistent with someone who is allowing other people to do it to support his [drug] habit." We determined that this statement was an improper comment on character and was error. *See State v. Gentry*, No. A14-0262, 2015 WL 1013561, at *5–6 (Minn. App. Mar. 9, 2015), *review denied* (Minn. May 19, 2015). But we concluded that the prosecutor's statement was not plain error because the statement was brief and defense counsel and the prosecutor later informed the jury that character was not in question. *Id.* at *6. We also concluded that the error did not affect Gentry's substantial rights because the evidence against him was sufficient, the prosecutor's statement was brief in the context of the entire trial, and defense counsel reminded the jury during closing argument that Gentry's character was not on trial. *Id.* We addressed Gentry's remaining appellate arguments and affirmed his conviction. *Id.* at *2–4, 7.

Gentry then filed a petition for postconviction relief, again challenging the prosecutor's statement about character and arguing that trial counsel provided ineffective

assistance by failing to object to the statement. The district court determined that Gentry's postconviction claims were procedurally barred and denied his petition without a hearing.

This appeal follows.

**D E C I S I O N**

A summary denial of a petition for postconviction relief is reviewed for an abuse of discretion. *Carridine v. State*, 867 N.W.2d 488, 492 (Minn. 2015). "A postconviction court abuses its discretion when its decision is based on an erroneous application of the law or is against logic and the facts in the record." *Nunn v. State*, 868 N.W.2d 230, 232 (Minn. 2015).

"A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence." Minn. Stat. § 590.01, subd. 1 (2014); *see also Colbert v. State*, 870 N.W.2d 616, 626 (Minn. 2015) (stating that under *Knaffla* rule, "once a direct appeal has been taken, all claims raised in the direct appeal and all claims that were known or should have been known but were not raised in the direct appeal are procedurally barred" (emphasis omitted)). Gentry argues again in this appeal that the prosecutor's statement about character was plain error that affected his substantial rights. This argument was raised, addressed, and rejected on direct appeal, *Gentry*, 2015 WL 1013561, at *5–7, and is procedurally barred.

Gentry also contends that defense counsel provided ineffective assistance by failing to object to the prosecutor's statement about character. "If a claim of ineffective assistance of trial counsel can be determined on the basis of the trial record, the claim must be brought

3

on direct appeal or it is *Knaffla*-barred." *Nissalke v. State*, 861 N.W.2d 88, 93 (Minn. 2015). "If, however, such a claim requires examination of evidence outside the trial record or additional fact-finding by the postconviction court, such a claim is not *Knaffla*-barred because the claim is not based solely on the briefs and trial court transcript." *Id.* Gentry's ineffective-assistance-of-counsel claim involves only facts within the trial record, and the claim is therefore procedurally barred. Even if the claim were not barred, "[g]enerally, [an appellate court] will not review an ineffective-assistance-of-counsel claim that is based on trial strategy," *State v. Vang*, 847 N.W.2d 248, 267 (Minn. 2014), and "[d]ecisions about objections at trial are matters of trial strategy," *Leake v. State*, 737 N.W.2d 531, 542 (Minn. 2007). We noted on direct appeal that defense counsel chose to address the statement about character at the start of his closing argument rather than to object immediately. *See Gentry*, 2015 WL 1013561, at *5 ("Instead of objecting, Gentry's defense counsel opened his closing argument by stating . . . .").

We conclude that the district court did not abuse its discretion by summarily denying Gentry's postconviction petition.

**Affirmed.**

4