STATE OF MINNESOTA

IN SUPREME COURT

A15-0792

Ramsey County                                                                    Dietzen, J.
                                                        Took no part, Chutich, J.

Harry Jerome Evans,

                    Appellant,

vs.                                                              Filed:  June 8, 2016
                                                          Office of Appellate Courts
State of Minnesota,

                    Respondent.

_____

Harry Jerome Evans, pro se, Bayport, Minnesota.

Lori Swanson, Minnesota Attorney General, Saint Paul, Minnesota; and,

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant Ramsey County Attorney, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

1.      A motion to correct a sentence under Minn. R. Crim. P. 27.03 is a proper method to challenge a district court's legal authority to award restitution when the motion does not impact the underlying conviction.

2.      A district court's legal authority to award restitution to the Crime Victim Reparations Board is plainly established under Minn. Stat. § 611A.04, subd. 1a (2014), and the procedures for an award of restitution in the statute were followed in this case.

1

3.      Because a motion to correct a sentence that challenges the amount or type of restitution is subject to the time limitations set forth in Minn. Stat. § 611A.045, subd. 3(b) (2014), the district court did not err in denying appellant's motion as untimely.

Affirmed.

Considered and decided by the court without oral argument.

O P I N I O N

DIETZEN, Justice.

Appellant Harry Jerome Evans was found guilty by a Ramsey County jury and convicted of first-degree murder of a peace officer while the officer was engaged in official duties, in violation of Minn. Stat. § 609.185(a)(4) (2014).  Evans was sentenced to life in prison without the possibility of release and ordered to pay restitution in the amount of $7,500 to the Crime Victims Reparations Board (CVRB).  On direct appeal, we affirmed his conviction.  *State v. Evans* (*Evans I*), 756 N.W.2d 854, 859 (Minn. 2008).  In March 2015, Evans filed a motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9.  The postconviction court denied Evans's motion, concluding that the motion was untimely under Minn. Stat. § 611A.045, subd. 3(b) (2014), because Evans failed to challenge the restitution award within 30 days of receiving written notice of the amount of restitution requested.  For the reasons that follow, we affirm.

I.

The State argues that Minn. R. Crim. P. 27.03, subd. 9, is not the proper procedure to challenge a court's authority to award restitution.  Instead, the State argues, subdivision 9 is limited to challenges to the unlawful duration of a sentence.

2

The interpretation of a procedural rule is subject to de novo review. *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011). When interpreting procedural rules, we begin our analysis by looking at the plain language of the rule. *See State v. Borg*, 834 N.W.2d 194, 198 (Minn. 2013). We review a district court's denial of a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, for an abuse of discretion. *Nunn v. State*, 868 N.W.2d 230, 232 (Minn. 2015).

Minnesota Rule of Criminal Procedure 27.03, subdivision 9, provides in relevant part that the district court "may at any time correct a sentence not authorized by law." *See State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015). For a sentence to be unauthorized, it must be contrary to law or applicable statutes. *Schnagl*, 859 N.W.2d at 301 (citing *State v. Humes*, 581 N.W.2d 317, 319-20 (Minn. 1998)).

Previously, we have concluded that a restitution award is part of a sentence. *Borg*, 834 N.W.2d at 197-98; *see also State v. Gaiovnik*, 794 N.W.2d 643, 648 (Minn. 2011). It therefore follows that a defendant may use Rule 27.03 to challenge a restitution award that is contrary to law or applicable statutes, subject to the limitations set forth in *Johnson*, 801 N.W.2d at 176, and *State v. Coles*, 862 N.W.2d 477 (Minn. 2015).

In *Johnson*, the defendant filed a motion challenging his sentence and the validity of his guilty plea. 801 N.W.2d at 175. We concluded that because the defendant challenged not only his sentence, but also the validity of his guilty plea, that Rule 27.03 was inapplicable. *Id.* at 176. Instead, we determined that to obtain the relief he sought, the defendant was required to seek relief under the postconviction statute. *Id.*

In *Coles*, we considered whether the defendant could challenge his sentence under Rule 27.03, subdivision 9, when the sentence imposed was part of a plea agreement in which the State agreed to dismiss other pending charges. 862 N.W.2d at 478-79. We concluded that when a defendant's motion to correct his sentence implicates a plea agreement, including the State's dismissal of other pending charges, the exclusive remedy is a petition for postconviction relief. *Id.* at 480-81. We reasoned that both parties received a significant benefit from the plea agreement. The defendant pleaded guilty to a lesser offense, and the State received the benefit of an upward departure to the sentence. *Id.* at 481-82; *see also State v. Garcia*, 582 N.W.2d 879, 882 (Minn. 1998) (recognizing that if a court corrects a sentence that was part of a plea agreement, the defendant "must be allowed to withdraw from the plea agreement if he so chooses").

We conclude that a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, is a proper method to challenge the court's legal authority to award restitution when the motion does not impact the underlying conviction. But when a motion to correct a sentence impacts more than simply the sentence, Rule 27.03 does not apply. Specifically, a motion to correct a sentence is not the proper method to challenge a restitution award that is entered pursuant to a defendant's negotiated guilty plea in which payment of restitution is a material part of the negotiation.

## II.

Having concluded that Minn. R. Crim. P. 27.03, subd. 9, is a proper method to challenge the court's authority to award restitution in this case, we turn to Evans's two

4

separate arguments that the district court lacked authority to award restitution.[1]  First, Evans argues the court lacked legal authority to award restitution to the CVRB because Minn. Stat. § 611A.53, subd. 1 (2014), does not list the CVRB as one of the entities entitled to reparations under Crime Victim Reparations Act, Minn. Stat. §§ 611A.51-68 (2014).  Second, he challenges the amount of the restitution award, arguing that the record does not support an award of $7,500.

A.

Evans correctly observes that Minn. Stat. § 611A.53, subd. 1, limits the award of reparations under the Crime Victim Reparations Act to five entities:  (1) a victim who has incurred economic loss; (2) a dependent who has incurred economic loss; (3) the estate of a deceased victim if the estate has incurred economic loss; (4) any other person who has incurred economic loss by purchasing any of the products, services, and accommodations described in section 611A.52, subdivision 8 for a victim; and (5) the guardian, guardian ad litem, conservator or authorized agent of any of these persons.  But the term "reparations," as used in Minn. Stat. § 611A.53, is not synonymous with the term "restitution."  "Reparations" refers to payments by the CVRB to the five listed entities for qualified economic losses, whereas restitution refers to payments by the defendant to the victim for qualified economic losses.  *See State v. Riggs*, 865 N.W.2d 679, 685 n.7

---

[1]    The underlying facts are not in dispute in this appeal.  On the evening of May 5, 2005, St. Paul police sergeants Joseph Strong and Gerald Vick, who were partners in the vice unit, went to a bar on Payne Avenue to investigate individuals suspected of engaging in prostitution.  During their investigation, they encountered Evans, who shot and killed Vick.  For a more detailed description of the underlying facts, see *Evans I*, 756 N.W.2d at 859.

(Minn. 2015) (discussing the process for obtaining reparations and explaining that the reparation amount for which the victim is eligible decreases if the victim recoups economic losses from a collateral source, such as restitution paid by the offender).

It is true that the CVRB is not listed in section 611A.53 as one of the entities eligible to receive reparations. But that omission does not suggest the district court lacked legal authority to award restitution to the CVRB. Indeed, the CVRB is also empowered "to seek restitution on behalf of the Board or on behalf of victims." *Hughes v. State*, 815 N.W.2d 602, 606 (Minn. 2012) (citing Minn. Stat. § 611A.04, subd. 1a (2014)); *see also State v. Palubicki*, 727 N.W.2d 662, 664 (Minn. 2007) (explaining that the appellant "did not dispute the Crime Victims Reparations Board's restitution request, acknowledging that the funds, which had been used to cover funeral expenses, were clearly reimbursable under the law"). This is so because Minn. Stat. § 611A.61, subd. 1 (2014), provides the CVRB with a subrogation right, "to the extent of reparations awarded, to all [a victim's] rights to recover benefits or advantages for economic loss from a source which is . . . a collateral source." Put differently, when the CVRB pays reparations it steps into the shoes of the victim. *Cf. RAM Mut. Ins. Co. v. Rohde*, 820 N.W.2d 1, 5 (Minn. 2012) (explaining that subrogation "is the substitution of another person in place of the creditor to whose rights he or she succeeds in relation to the debt, and gives to the substitute all the rights, priorities, remedies, liens, and securities of the person for whom he or she is substituted").

Our review of the record confirms that the statutory procedures for an award of restitution under Minn. Stat. § 611A.04 (2014) were followed in this case. When the

6

CVRB pays reparations on a victim's behalf, this information may be submitted to the court, or to the person or agency tasked with obtaining information relating to restitution, through the filing of a copy of a Board payment order. Minn. Stat. § 611A.04, subd. 1(a). A copy of the payment order must be provided to the offender or the offender's attorney. *Id.* Under the statute, the issue of restitution is reserved "[b]y operation of law" if the payment order is not received at least 3 days before the sentencing hearing. *Id.*

We conclude that the district court had the legal authority to award restitution to the CVRB in this case. The district court's legal authority to award restitution to the CVRB is plainly established under existing law and the statutory procedures for an award of restitution were followed in this case.

B.

Evans next argues the district court erred when it concluded his challenge to the type and amount of restitution ordered was untimely filed under Minn. Stat. § 611A.045, subd. 3(b) (2014).[2] We disagree.

---

[2] On appeal, Evans argues for the first time that the conflict between the "30-day" time limit in Minn. Stat. § 611A.045, subd. 3(b), and the "at any time" language of Minn. R. Crim. P. 27.03, subd. 9, renders the statute unconstitutional under the separation-of-powers doctrine. Because Evans did not challenge the constitutionality of Minn. Stat. § 611A.045, subd. 3(b), in the district court, we do not consider the issue here. *See State v. Barnes*, 713 N.W.2d 325, 330 n.4 (Minn. 2006) (explaining that the court was not required to consider the defendant's constitutional challenge to the domestic abuse murder statute because he failed to challenge the constitutionality of the statute in the district court); *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (explaining that we "generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure").

Section 611A.045, subdivision 3(b), sets forth the procedure by which an offender may challenge a restitution award. Specifically, an offender may challenge a restitution request, but must do so by requesting a hearing in writing within 30 days of receiving notification of the request or within 30 days of sentencing, whichever is later. Minn. Stat. § 611A.045, subd. 3(b). "A defendant may not challenge the restitution after the 30-day time period has passed." *Id.* In *Gaiovnik*, we held that subdivision 3(b) of section 611A.045 does not apply to a challenge to the district court's legal authority to award restitution. 794 N.W.2d at 649. Instead, it applies "to disputes as to the amount or type of restitution." *Id.* at 647.

It is undisputed that Evans' motion to correct his sentence that challenges the CVRB's request for $7,500 in restitution did not satisfy the 30-day time limit in Minn. Stat. § 611A.045, subd. 3(b). Evans failed to fulfill this statutory obligation. Consequently, Evans's challenge to the type and amount of the restitution award was untimely and thus the district court did not err in denying his motion.

Affirmed.


CHUTICH, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.