Lori Swanson, Attorney General, St. Paul, Minnesota; and Travis J. Smith, Murray County Attorney, Slayton, Minnesota (for respondent)
Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)
Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Jesson, Judge.
SCHELLHAS, Judge *411 Appellant challenges the district court's denial of his Minn. R. Crim. P. 27.03, subd. 9, motion to correct his sentence, arguing that the sentencing court imposed an unlawful ten-year conditional-release term under Minn. Stat. § 617.247, subd. 9. We agree, and we reverse and remand.
FACTS
In June 2009, appellant Everett Overweg committed the crime of possession of a pornographic work involving minors. On April 9, 2010, respondent State of Minnesota charged Overweg with two counts of possession of a pornographic work involving minors (possession of child pornography) under Minn. Stat. § 617.247, subd. 4 (2008), based on the June 2009 conduct.
On August 13, 2009, Overweg committed criminal sexual conduct (CSC). On August 17, the state charged Overweg with one count of first-degree CSC under Minn. Stat. § 609.342, subd. 1 (2008), and one count of second-degree CSC under Minn. Stat. § 609.343, subd. 1 (2008), based on the August 13, 2009 conduct. On January 11, 2010, Overweg pleaded guilty to the second-degree CSC charge. On April 5, 2010, the district court stayed adjudication and placed him on probation. On August 22, 2011, following a probation violation, the district court convicted Overweg of second-degree CSC, stayed imposition of sentence, and placed him on supervised probation. On January 9, 2012, following another probation violation, the court revoked probation and executed Overweg's sentence.
On October 9, 2012, Overweg pleaded guilty to the June 2009 possession-of-child-pornography offense. The district court accepted his plea and sentenced him. Based on Overweg's conviction of second-degree CSC, the court imposed a ten-year conditional-release term under Minn. Stat. § 617.247, subd. 9.
In June 2017, Overweg moved the district court for a sentence correction under rule 27.03, arguing that the ten-year conditional-release term that the sentencing court imposed under section 617.247, subdivision 9, was unlawful, and requesting that his ten-year conditional-release term be reduced to five years. The district court denied Overweg's motion.
This appeal follows.
ISSUE
Did the district court abuse its discretion by denying Overweg's rule 27.03 motion to reduce his ten-year conditional-release term under Minn. Stat. § 617.247, subd. 9, because it is unlawful?
ANALYSIS
A defendant may move a district court "at any time [to] correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. A sentence "contrary to law or applicable statutes" is not authorized by law. Reynolds v. State , 888 N.W.2d 125, 129 (Minn. 2016). "We review a district court's denial of a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, for an abuse of discretion." Evans v. State , 880 N.W.2d 357, 359 (Minn. 2016). Appellate courts review the district court's legal conclusions de novo and its factual findings for clear error. Townsend v. State , 834 N.W.2d 736, 738 (Minn. 2013). "A court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and facts in the record."
*412 Riley v. State , 792 N.W.2d 831, 833 (Minn. 2011).
The statute governing Overweg's conditional-release term reads:
Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, when a court commits a person to the custody of the commissioner of corrections for violating this section, the court shall provide that after the person has completed the sentence imposed, the commissioner shall place the person on conditional release for five years, minus the time the offender served on supervised release. If the person has previously been convicted of a violation of this section, section 609.342, 609.343, 609.344, 609.345, 609.3451, 609.3453, or 617.246, or any similar statute of the United States, this state, or any state, the commissioner shall place the person on conditional release for ten years, minus the time the offender served on supervised release. The terms of conditional release are governed by section 609.3455, subdivision 8.
Minn. Stat. § 617.247, subd. 9 (emphasis added). The parties agree that Overweg committed the offense of second-degree CSC after he committed the child-pornography offense, and they agree that Overweg was convicted of second-degree CSC before he was committed to the commissioner of corrections for the child-pornography offense. The parties dispute the meaning of "has previously been convicted" in section 617.247, subdivision 9.
Overweg argues that "has previously been convicted" refers to qualifying offenses for which an offender was convicted and sentenced before the commission of the present offense. And he argues that because he was not convicted and sentenced for second-degree CSC before he committed the child-pornography offense, the sentencing court's imposition of a ten-year conditional-release term was unlawful under section 617.247, subdivision 9, and the district court erred by denying his motion to correct his sentence. The state argues that because Overweg's conviction of second-degree CSC occurred before the sentencing court committed him to the commissioner of corrections for the child-pornography offense on October 9, 2012, he "ha[d] previously been convicted " of a qualifying offense under section 617.247, subdivision 9, and the sentencing court therefore was obligated to impose a ten-year conditional-release period. The district court rejected Overweg's argument and concluded that Minn. Stat. § 617.247, subd. 9, is not ambiguous and mandates a ten-year conditional-release term "when a prior conviction happened before a Court commits a person."
The parties' arguments require this court to determine the meaning of "has previously been convicted" in Minn. Stat. § 617.247, subd. 9. Determining the meaning of the statutory language "presents a question of statutory interpretation that we review de novo." State v. Thonesavanh , 904 N.W.2d 432, 435 (Minn. 2017). "The first step in statutory interpretation is to determine whether the statute's language, on its face, is ambiguous." Id ."A statute is ambiguous only if it is subject to more than one reasonable interpretation." Id. (quotation omitted). In determining statutory ambiguity, appellate courts give "words and phrases their plain and ordinary meaning." State v. Nelson , 842 N.W.2d 433, 436 (Minn. 2014) (quotation omitted); accord Minn. Stat. § 645.08(1) (2016). If a statute is ambiguous, an appellate court "may apply the canons of construction to resolve the ambiguity." Thonesavanh , 904 N.W.2d at 435.
*413 Minnesota Statutes section 617.247, subdivision 9, does not define "has previously been convicted." An appellate court may consult a dictionary to determine the plain and ordinary meaning of a word or phrase. See Poehler v. Cincinnati Ins. Co. , 899 N.W.2d 135, 141 (Minn. 2017) ("[W]e may consult the dictionary definitions of those words and apply them in the context of the statute."). The American Heritage Dictionary defines "previously" as "existing or occurring before something else in time or order; prior." The American Heritage Dictionary of the English Language 1391 (4th ed. 2006). "Has been," when combined with a past-participle verb, such as "convicted," forms the present perfect tense and "denotes an act, state, or condition that is now completed." The Chicago Manual of Style ¶ 5.119 (15th ed. 2003).
Here, the "act, state, or condition that is now completed" is the creation of the qualifying conviction under Minn. Stat. § 617.247, subd. 9. The plain and ordinary meaning of "has previously been convicted" is not ambiguous. But neither the plain and ordinary meaning of the phrase nor the statute reveals the point in time at which the qualifying conviction must have existed to constitute a previous conviction that triggers imposition of the ten-year conditional-release term. The statute therefore lacks temporal precision, resulting in temporal ambiguity. The statute, Minn. Stat. § 617.247, subd. 9, therefore is ambiguous. See Marks v. Comm'r of Revenue , 875 N.W.2d 321, 326 (Minn. 2016) (concluding that a tax statute was ambiguous because there was "temporal ambiguity between and among" the statute's requirements). Because the statute lacks a definition of "has previously been convicted" or temporal precision, we conclude that it is susceptible to two reasonable interpretations, each argued by Overweg and the state, respectively.
Overweg argues that we should employ the canon of in pari materia to resolve the ambiguity and interpret "has previously been convicted" in the same manner as defined in subdivision 1(f) of the dangerous-sex-offender statute. See Minn. Stat. § 609.3455, subd. 1(f) (2008) (defining "previous sex offense conviction"). "Also called the related-statutes canon, in pari materia allows two statutes with common purposes and subject matter to be construed together to determine the meaning of ambiguous statutory language." Thonesavanh , 904 N.W.2d at 437 (quotation and emphasis omitted). The reasoning behind the canon of in pari materia "is that related statutes, although separate, should be considered as one systematic body of law." Id. at 437-38 (quotation omitted). The supreme court has applied in pari materia "in a variety of circumstances, ranging from construing a first-degree burglary statute together with a mandatory-minimum statute, to considering all statutes governing gambling together." Id. at 437 (citations omitted).
Here, the Minnesota Legislature has defined "previous sex offense conviction" in the dangerous-sex-offender statute, Minn. Stat. § 609.3455, subd. 1(f). That sections 609.3455 and 617.247 have a common purpose and subject matter is clear. Section 617.247, subdivision 9, provides that "[t]he terms of conditional release are governed by section 609.3455, subdivision 8." Both statutes impose, for different related criminal-sexual-conduct offenses, mandatory conditional-release terms. We conclude that the two statutes are in pari materia and should be construed in light of each other. See Thonesavanh , 904 N.W.2d at 438 (construing motor-vehicle-theft statute with simple-robbery statute because "they share the necessary common purpose and subject matter").
*414 The dangerous-sex-offender statute defines "previous sex offense conviction" as follows: "A conviction is considered a 'previous sex offense conviction' if the offender was convicted and sentenced for a sex offense before the commission of the present offense ." Minn. Stat. § 609.3455, subd. 1(f) (emphasis added). The statute distinguishes a "previous sex offense conviction" from a "prior sex offense conviction," the latter of which occurs "before the offender has been convicted of the present offense, regardless of whether the offender was convicted for the first offense before the commission of the present offense." Id. , subd. 1(g) (2008) ; see State v. Nodes , 863 N.W.2d 77, 81-82 (Minn. 2015) (construing "before" and "present offense" in section 609.3455, subdivision 1(g) ).
Applying the canon in pari materia in this case, the definition of "previous sex offense conviction" in Minn. Stat. § 609.3455, subd. 1(f), resolves the temporal ambiguity about the meaning of "has previously been convicted" in Minn. Stat. § 617.247, subd. 9. Ascribing the definition of "previous sex offense conviction" to "has previously been convicted," we conclude that a sentencing court must impose a ten-year conditional-release term under section 617.247, subdivision 9, only if the offender has been convicted and sentenced for a qualifying offense before the commission of the present offense.
DECISION
Because Overweg was not convicted and sentenced for a qualifying offense before he committed the June 2009 child-pornography offense, imposition of a ten-year conditional-release term under Minn. Stat. § 617.247, subd. 9, was not authorized. The district court therefore abused its discretion by denying Overweg's motion to correct his sentence. We reverse the district court's denial of Overweg's rule 27.03 motion, vacate Overweg's ten-year conditional-release term, and remand to the district court for further proceedings consistent with this opinion.
Reversed and remanded.