LILLEHAUG, Justice.
This case requires that we decide whether the two-tier conditional-release term contained in the child-pornography statute, Minn. Stat. § 617.247, subd. 9 (2010), is *181 ambiguous. We conclude that it is not, and that it was properly applied in this case. We therefore reverse the decision of the court of appeals.
FACTS
Everett Overweg has two criminal convictions at issue here: one for second-degree criminal sexual conduct, Minn. Stat. § 609.343, subd. 1(a) (2018), and the other for possession of pornographic works involving minors, Minn. Stat. § 617.247, subd. 4(a) (2010).
The first conviction is for sexually touching the four-year-old sister of Overweg's girlfriend, conduct which took place on August 13, 2009. Overweg was charged with both first- and second-degree criminal sexual conduct. Pursuant to a plea agreement, Overweg pleaded guilty to the second-degree charge on January 11, 2010. The court dismissed the first-degree charge, stayed adjudication of the plea, and placed Overweg on probation under several conditions-including completion of an inpatient sex-offender treatment program.
Overweg failed to complete the program, and thus violated his probation. On August 22, 2011, the district court lifted the stay of adjudication, convicted Overweg of second-degree criminal sexual conduct, stayed imposition of a sentence, and placed him on probation for 10 years. Because Overweg again violated his probation, on January 9, 2012, the district court vacated the stay of imposition and sentenced Overweg to 36 months, executed immediately, with a conditional-release term of 10 years.
The second conviction arises from events surrounding the repair of a computer. In March 2010, D.B., the father of S.B. (a minor acquainted with Overweg), took a computer to a computer-service firm in Slayton. Both S.B. and Overweg previously had access to the computer. D.B. sought repair services because suddenly the computer was password-protected and he was unable to access any files or programs. The servicing technician discovered child pornography on the computer and notified law enforcement.
S.B. told investigators that (1) Overweg had showed him how to download child pornography from the internet onto the computer, which was located in S.B.'s room; (2) Overweg had downloaded several child-pornography videos onto the computer; and (3) Overweg and S.B. had watched the videos of child pornography together. Overweg later admitted to law enforcement that he had downloaded five or six child pornography videos to the computer and watched the videos with S.B.
Overweg was charged on April 9, 2010, with two counts of possessing child pornography. These charges were filed a week after the district court stayed adjudication of Overweg's plea in the criminal-sexual-conduct case. Pursuant to a plea agreement, Overweg pleaded guilty on October 9, 2012, to one count of possessing child pornography. The district court dismissed the other count and sentenced Overweg to 20 months, to be served concurrently with his 36-month sentence from his first conviction. Relying on Minn. Stat. § 617.247, subd. 9 (2010),[1] the district court also imposed a conditional-release term of 10 years.
Overweg filed a motion to correct his sentence on June 30, 2017. He argued *182 that State v. Noggle , No. A15-0104, 2015 WL 5825102 (Minn. App. Oct. 5, 2015) -in which, Overweg said, the court of appeals "held that under [ Minn. Stat. § 617.247 ], the conditional release may only be enhanced to ten years if the defendant has a predicate conviction that occurred before the commission of the present offence"[2] -should apply. Because Overweg "was not convicted of the sex offense at the time he committed the possession of pornographic works involving a minor offense," he argued, the "proper term of conditional release ... is five years."
The district court denied Overweg's motion on October 23, 2017, "find[ing] no ambiguity in the statutory language." The court of appeals reversed the district court and vacated Overweg's conditional-release term. State v. Overweg , 914 N.W.2d 410, 414 (Minn. App. 2018).
The court of appeals concluded that, although the "plain and ordinary meaning of 'has previously been convicted' is not ambiguous," neither "the plain and ordinary meaning of the phrase nor the statute reveals the point in time at which the qualifying conviction must have existed to constitute a previous conviction." Id. at 413. Therefore, the court said, the statute "lack[ed] temporal precision" which resulted in "temporal ambiguity." Id.
The court then employed the extrinsic canon in pari materia to resolve the temporal ambiguity. It imported the definition of "previous sex offense conviction" from the dangerous-sex-offender statute, Minn. Stat. § 690.3455, subd. 1(f) (2018): "A conviction is considered a 'previous sex offense conviction' if the offender was convicted and sentenced for a sex offense before the commission of the present offense ." See 914 N.W.2d at 413 (noting that sections 609.3455 and 617.247"have a common purpose and subject matter"). Under this definition, the court said, "a sentencing court must impose a ten-year conditional-release term under section 617.247, subdivision 9, only if the offender has been convicted and sentenced for a qualifying offense before the commission of the present offense." Id. Overweg was not convicted and sentenced on the criminal-sexual-conduct offense before he committed the child-pornography offense. Therefore, the court concluded, Overweg's sentence was not authorized by law and the district court abused its discretion by denying his motion for sentence correction. Id. We granted the State's petition for review.
ANALYSIS
" Minnesota Rule of Criminal Procedure 27.03, subdivision 9, provides in relevant part that the district court 'may at any time correct a sentence not authorized by law.' " Evans v. State , 880 N.W.2d 357, 359 (Minn. 2016). "For a sentence to be unauthorized, it must be contrary to law or applicable statutes." Id. "We review a district court's denial of a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9, for an abuse of discretion." Id. As part of that review, issues of statutory *183 interpretation are questions of law that we consider de novo. Larson v. State , 790 N.W.2d 700, 703 (Minn. 2010).
"The first step in statutory interpretation is to 'determine whether the statute's language, on its face, is ambiguous.' " Id. (quoting Am. Tower, L.P. v. City of Grant , 636 N.W.2d 309, 312 (Minn. 2001) ). "A statute is ambiguous only when the statutory language is subject to more than one reasonable interpretation." State v. Fleck , 810 N.W.2d 303, 307 (Minn. 2012). If a statute is unambiguous, we "apply the statute's plain meaning." Larson , 790 N.W.2d at 703. "If a statute does not define a ... phrase, we give that ... phrase its 'plain and ordinary meaning.' " State v. Prigge , 907 N.W.2d 635, 638 (Minn. 2018) (quoting State v. Hayes , 826 N.W.2d 799, 803-04 (Minn. 2013) ); see also Larson , 790 N.W.2d at 703 ("Statutory words and phrases must be construed according to the rules of grammar and common usage." (citing Minn. Stat. § 645.08(1) (2018) ) ). We may look to dictionary definitions to determine the plain and ordinary meaning of a phrase. State v. Henderson , 907 N.W.2d 623, 626 (Minn. 2018). The meaning of a statutory phrase is dependent upon context. Id. Only "[i]f a statute is ambiguous" may we "look to canons of construction to ascertain its meaning." Id. at 625.
The State argues that the statute is unambiguous, and requires a 10-year conditional-release term for Overweg. He disagrees.
I.
First, we must determine whether the statute is ambiguous. Minnesota Statutes § 617.247 prohibits the dissemination or possession of pornographic work involving minors. Subdivision 9 addresses the term of conditional release to be imposed on persons convicted of violating the statute. The first sentence of the statute applies generally to all first-time offenders:
Subd. 9. Conditional release term . Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, when a court commits a person to the custody of the commissioner of corrections for violating this section, the court shall provide that after the person has completed the sentence imposed, the commissioner shall place the person on conditional release for five years, minus the time the offender served on supervised release.
The second sentence provides what is, in effect, an enhanced term of conditional release for persons who have been previously convicted of a violation of section 617.247 or other statutes related to criminal sexual conduct:
If the person has previously been convicted of a violation of this section, section 609.342, 609.343, 609.344, 609.345, 609.3451, 609.3453, or 617.246, or any similar statute of the United States, this state, or any state, the commissioner shall place the person on conditional release for ten years, minus the time the offender served on supervised release.
The first sentence is a command: "[W]hen a court commits a person to the custody of the commissioner of corrections for violating this section ... the commissioner shall place the person on conditional release for five years ...." The second sentence conditionally modifies the command in the first: "If the person has previously been convicted of a violation of this section, section ... 609.343 ... or any similar statute ... the commissioner shall place the person on conditional release for ten years ...." We see no ambiguity in the relationship between the first and second sentences.
*184 Nor is the phrase "has previously been convicted" in the second sentence ambiguous. It is conjugated in the present-perfect tense, which "denotes an act, state or condition ... now completed" from "a time in the indefinite past." The Chicago Manual of Style § 5.132 (17th ed. 2017). The adverb "previously," which modifies the passive voice "been convicted," means "[b]eforehand, hitherto, [or] antecedently." Webster's Third New International Dictionary 1798 (1961).
The two sentences of subdivision 9, including the phrase "has previously been convicted," are not ambiguous when read together; they have a single plain meaning. They mean that a person convicted under section 617.247 must be sentenced to either a 5-year term of conditional release or, if the person has an earlier qualifying conviction, a 10-year term of conditional release.
The court of appeals agreed that "[t]he plain and ordinary meaning of 'has previously been convicted' [was] not ambiguous." Overweg , 914 N.W.2d at 413. The court concluded, however, that there was "temporal ambiguity" because "neither the plain and ordinary meaning of the phrase nor the statute reveals the point in time at which the qualifying conviction must have existed ...." Id.
We detect no ambiguity, temporal or otherwise. Because the conditional phrase from the second sentence modifies the imperative language of the first, the time for determining whether the condition is satisfied is the time specified in the statutory command: "when a court commits a person to the custody of the commissioner of corrections for violating" section 617.247. Minn. Stat. § 617.247, subd. 9. The statute is unambiguous.[3]
Overweg argues that this result cannot be what the Legislature intended. The nature of a child-pornography case, he asserts, all but ensures more than one conviction under Minn. Stat. § 617.247, because offenders typically possess more than one pornographic work. It follows, Overweg posits, that almost all first-time offenders would receive ten-year conditional-release terms, which the Legislature reserved for second-time offenders. As an example, Overweg points to State v. Nodes , 863 N.W.2d 77 (Minn. 2015), in which two convictions, arising from separate behavioral incidents, were entered at the same hearing and the defendant received an enhanced term of conditional release on the second conviction. Id . at 78.
Essentially, Overweg argues that our plain-language interpretation of the statute would lead to an absurd result. We are not persuaded.
We have disregarded the plain language of a statute to avoid an absurd result just once, in Wegener v. Commissioner of Revenue , 505 N.W.2d 612 (Minn. 1993), a property-tax case.[4] We did so only because the result of the plain language was so absurd that it "utterly depart[ed] from" the statute's purpose and would "render a large part of [the statute] inoperative and, incidentally, invalidate it by giving it an unconstitutional effect."
*185 Id. at 616-17 ; see also State v. Smith , 899 N.W.2d 120, 125 (Minn. 2017) (noting the absurdity canon applies only in the " 'exceedingly rare case' " (quoting Schatz v. Interfaith Care Ctr. , 811 N.W.2d 643, 651 (Minn. 2012) ) ). And we have said frequently that even "anomalous results ... do not allow us to ignore the plain language of the statute." Smith , 899 N.W.2d at 125 ; see also Int'l Bhd. of Elec. Workers, Local No. 292 v. City of St. Cloud , 765 N.W.2d 64, 68 (Minn. 2009) ("Although the result here ... seems anomalous, that is how the [L]egislature wrote the statute. It is the duty of this court to apply the law as written by the [L]egislature.").
Here, even if we assume that most possessors of child pornography might receive an enhanced term of conditional release, that result is not absurd or even anomalous.[5] We will not depart from the plain-language interpretation of the statute.
II.
Having interpreted the statute, we next decide whether the district court's denial of Overweg's motion to correct his sentence was an abuse of discretion. Evans , 880 N.W.2d at 359. The district court "abuses its discretion when its decision ... is against logic and the facts in the record." Nunn v. State , 868 N.W.2d 230, 232 (Minn. 2015).
Among the statutes listed in subdivision 9 that can give rise to the 10-year term of conditional release is Minn. Stat. § 609.343, second-degree criminal sexual conduct. Overweg was convicted of violating Minn. Stat. § 609.343 on August 22, 2011. More than a year later-on October 9, 2012-the district court signed the warrant of commitment for Overweg's violation of Minn. Stat. § 617.247. Overweg plainly qualified for the enhanced conditional-release term required by the second sentence of subdivision 9. Therefore, it was not an abuse of discretion for the district court to impose a 10-year conditional release term.
CONCLUSION
For the foregoing reasons, we reverse the decision of the court of appeals.
Reversed.

Subdivision 9 was amended in 2013 to strike the language subtracting from the term of conditional release any time served on supervised release. Act of May 24, 2013, ch. 96, § 7, 2013 Minn. Laws 743, 745-46. The amendment did not affect the part of the statute that is at issue here, but for clarity we cite to the version of the statute under which Overweg was sentenced.

In Noggle , the court of appeals concluded that subdivision 9 was ambiguous and that "the ambiguity cannot be resolved through construction." 2015 WL 5825102 at *4. In such cases, the court held, "courts apply the rule of lenity requiring that any ambiguity be resolved in favor of the criminal defendant." Id. Application of the rule of lenity in Noggle's case required that the conditional-release term "only be enhanced to ten years if he has a predicate conviction that occurred before commission of the present offense." Id.
Noggle was decided before State v. Thonesavanh , 904 N.W.2d 432 (Minn. 2017), in which we made clear that the rule of lenity is applied only as a last resort. Id . at 441. The court of appeals' decision in this case did not cite Noggle nor did either party rely on it in briefing to us.

The court of appeals therefore erred when it applied the interpretive canon in pari materia , "an extrinsic canon that applies only to ambiguous statutes." Thonesavanh , 904 N.W.2d at 437 ; see also State v. Lucas , 589 N.W.2d 91, 94 (Minn. 1999) ("Because neither statute is ambiguously worded, we have no need to use the doctrine of in pari materia in this instance.").

We have never addressed the applicability of the absurdity canon in a criminal case. See, e.g. , State v. Smith , 899 N.W.2d 120, 125 (Minn. 2017). We need not do so here.

For example, the conditional-release scheme employed for criminal sexual conduct is 10 years for the first offense, and a lifetime term for subsequent offenses. Minn. Stat. § 609.3455, subds. 6-7 (2018).